**STURGILL LUMBER COMPANY,**
Appellant,

v.

**Jasper MAYNARD and Workmen's Compensation Board of Kentucky, Appellees.**

Court of Appeals of Kentucky.

Nov. 28, 1969.

J. W. Craft, Jr., Craft & Haynes, Hazard, for appellant.

G. C. Perry, III, and Robert J. Greene, Paintsville, for appellee Jasper Maynard.

CULLEN, Commissioner.

The Workmen's Compensation Board awarded Jasper Maynard compensation for total permanent disability resulting from an accident in his employment with Sturgill Lumber Company. The employer appealed to the circuit court, which entered judgment upholding the award. We have here the employer's appeal from that judgment.

The sole question presented is whether Maynard's claim should have been held to be barred by the limitation provision of KRS 342.270 which requires that application for compensation be filed with the board "within one year after the cessation of voluntary payments, if any have been made."

Maynard was injured on April 9, 1965. Thereafter the employer's insurance carrier made voluntary payments of compensation to him at the rate of $33.17 per week commencing as of April 9, 1965. On September 10, 1965, the insurance company issued a check to Maynard for the period from July 30, to August 31, 1965. That was the last payment made of voluntary compensation. Maynard filed his application for compensation with the board on September 9, 1966.

The appellant's argument is simply that the voluntary payments of compensation must be deemed to have ceased as of the last day of the *period for which* the last payment was made. Our answer is equally simple. We think the plain meaning of the statute is that "payment" is the receipt by the workman of an instrument of payment, and payment will be deemed to have ceased as of the day the last instrument of payment was received. The voluntary payments to Maynard thus must be held to have ceased when he received the September 10 check, which was less than one year before he filed his application for compensation.

The judgment is affirmed.

All concur.