This is a workmen's compensation case involving the one-year statute of limitations provided by § 25-5-80, Code of Alabama (1975).
The record reveals the following facts pertinent to this appeal:
Plaintiff-employee, a manual laborer, has suffered injuries to his back on at least five occasions during his working career. He was first injured prior to his employment with the defendant-employer and received workmen's compensation benefits based on ten percent permanent partial disability. *Page 150 
In August 1974 the plaintiff sustained an injury to his back while working for the defendant and received benefits based on fifteen percent permanent partial disability resulting from that accident.
During a fourteen-month span beginning in February 1976, the plaintiff, while employed by defendant, injured his back in three separate accidents. The first of these injuries occurred on February 4, 1976. Plaintiff received compensation therefor based on the defendant's estimate of his disability. In October 1976 plaintiff suffered another back injury. On April 8, 1977, plaintiff incurred the third in this series of back injuries. After this final injury the plaintiff-employee filed suit against the defendant-employer. The timely-filed complaint alleged the occurrence of the February 1976 injury only and sought permanent partial disability benefits resulting therefrom. The suit remained pending, and the plaintiff began receiving temporary total compensation for the April 1977 injury. He was off the job for some thirteen months due to that injury but resumed work on May 3, 1978. He worked through September 5, 1978. He was unable to continue because of his back problems.
Subsequent to the plaintiff's returning to work on May 3, and prior to his leaving on September 5, defendant discovered that there had been an underpayment of the compensation due plaintiff for the April 1977 injury. On October 11, 1978, the defendant mailed the plaintiff a check for $79.99 as the final balance due and accompanied it with a release form. Plaintiff neither cashed the check nor signed the release. In September 1979, approximately eleven months after receipt of the check, plaintiff amended his original suit, then pending, to include the injury of April 1977. The amendment claimed permanent total
disability benefits. Defendant moved to strike, claiming the amendment was not filed within one year of the April 8, 1977 injury, or within one year from the time of making the last payment of compensation, as required by § 25-5-80.
After a hearing the trial court found that the last payment of compensation was the October 1978 check to the plaintiff and that the amendment was timely. The court further found plaintiff to be permanently and totally disabled and, pursuant to § 25-5-57 (a)(4)(f), apportioned the amount of permanent total disability attributable to the defendant-employer. Defendant appeals.
The dispositive issue is whether the check mailed on October 11, 1978, constituted a payment of compensation under § 25-5-80
so as to toll the statute of limitations and make timely plaintiff's September 1979 amendment claiming permanent total disability for the April 1977 injury.
We initially note that § 25-5-80 provides a one-year statute of limitations for claims brought under our Workmen's Compensation Act. The statute begins to run from the date of the injury. Davis v. Standard Oil Co., 261 Ala. 410,74 So.2d 625 (1954). The limitation is tolled, however, where the employer makes compensation payments to the injured employee and, in such instances, the one-year limitation begins to run at the time of making the last payment of compensation. B.F.Goodrich Co. v. Parker, 282 Ala. 151, 209 So.2d 647 (1967).
The defendant-employer's contention is simply that the check mailed to the plaintiff on October 11, 1978, was not a payment of compensation. We disagree with that contention and affirm.
Certainly the check was in the nature of "compensation" to the plaintiff. Section 25-5-1, in defining "compensation" for purposes of the workmen's compensation statute, states that the term "indicates the money benefits to be paid on account of injury or death." It is clear that the check was sent to the plaintiff as a money benefit paid on account of the April 1977 injury. The cover letter sent with the check and the word "compensation," printed on the check itself and the accompanying final receipt, are indicative of the check's compensatory purpose. *Page 151 
The defendant, in fact, does not dispute that the check was compensation to the plaintiff. Instead, defendant argues that the check was not a "payment" of compensation but was "an attempt to correct an underpayment" of compensation benefits. We deem this a distinction without a difference. Defendant has cited no authority, and neither do we find any, indicating that a "correction of underpayments" or "catchup payments" are not to be considered payments of compensation.
Defendant further argues, because plaintiff did not cash the check and sign the accompanying final receipt, that the check did not constitute "payment." That argument is likewise untenable. "Payment," for purposes of the statute, is the receipt by the workman of an instrument of payment, and payment is deemed to have ceased as of the day the last instrument of payment was received. See, Sturgill Lumber Company v. Maynard,447 S.W.2d 638 (Ky. 1969).
We find that the "correction of underpayments" made by the check mailed October 11, 1978, was a payment of compensation. The check was the last payment of compensation made on account of the April 1977 injury. The plaintiff's amendment, filed within one year of that payment, was timely. Our decision conforms to the admonition often expressed by our appellate courts — the Workmen's Compensation Act should be construed liberally to effectuate its beneficent purpose. Riley v.Perkins, 282 Ala. 629, 213 So.2d 796 (1968).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.