469 So.2d 629 (1985)
Clifford SEALES, By and Through His Wife and Next Friend, Mary SEALES
v.
DANIEL CONSTRUCTION COMPANY, INC.
Civ. 4522.
Court of Civil Appeals of Alabama.
February 27, 1985.
Rehearing Denied April 3, 1985.
*630 David H. Marsh of Emond & Vines, Birmingham, for appellant.
John A. Owens and Michael S. Burroughs of Phelps, Owens, Jenkins, Gibson & Fowler, Tuscaloosa, for appellee.
WRIGHT, Presiding Judge.
This is a workmen's compensation case.
Clifford Seales was injured in Columbus, Mississippi, on October 6, 1981. He was working for Daniel Construction Company, Inc. (Daniel), at the time of the injury. Seales received workmen's compensation benefits under Mississippi law, but because of Alabama's more liberal awards in this area, he now brings suit to obtain Alabama workmen's compensation benefits. On August 9, 1984, the trial court granted summary judgment in favor of Daniel, and Seales appeals.
The parties agree that Seales' right to workmen's compensation benefits under Alabama law is controlled by § 25-5-35, Code of Alabama 1975. This section allows recovery of benefits for out-of-state injuries in certain cases. Seales claims to fall within the purview of paragraph 25-5-35(d)(1) or alternatively 25-5-35(d)(2). The pertinent portions of the statute provide:
"(d) If an employee, while working outside of this state, suffers an injury on account of which he or, in the event of his death, his dependents, would have been entitled to the benefits provided by this article and article 3 of this chapter had such injury occurred within this state, such employee or, in the event of his death resulting from such injury, his dependents, shall be entitled to the benefits provided by this article and article 3 of this chapter, provided that at the time of such injury:
"(1) His employment was principally localized in this state: (or)
"(2) He was working under a contract of hire made in this state in employment not principally localized in any state;...."
Under § 25-5-35(d)(1), Seales' employment must be "principally localized" in Alabama. This term is defined in § 25-5-35(b), which provides:
"(b) For the purposes of this section, a person's employment is principally localized in this or another state when his employer has a place of business in this or such other state and he regularly works at or from such place of business, or if he is domiciled and spends a substantial part of his working time in the service of his employer in this or such other state. (Emphasis added.)
Seales claims that he is domiciled in Alabama and spent a substantial part of his employment with Daniel in Alabama. The facts show that prior to the Mississippi project, Seales had worked on seven Daniel projects in the past eight years. Seales supports his claim of substantial working time in Alabama by showing that out of the fifty-two months he worked on Daniel projects (which were located in different states throughout the southeastern United States) twenty-seven and one-half months were spent in Alabama.
We hold that the mere quantity of time spent in any single state or locale in the past is not the controlling factor in a determination of the principal localization *631 of employment. See Stapleton v. Travelers Insurance Co., 359 So.2d 1051, 1054 (La.App.1978). The statute requires for principal localization of employment that the employee be domiciled in Alabama and spend a substantial part of his working time in Alabama. This implies a current, ongoing employment status where it is foreseeable that the employee will continue to spend a substantial part of his working time in this state. To view the relationship only with hindsight is to base the localization on a coincidence of time and circumstance. The seven projects on which Seales worked each took place within the confines of a single state and did not involve working in more than one state at a time. He was employed for the then on-going project and not as a permanent employee of Daniel. We construe the statute in this manner though remaining acutely aware of the general rule that the Workmen's Compensation Act must be liberally construed to accomplish its beneficent purposes. Cement Products Co. v. Martin, 397 So.2d 149 (Ala.Civ.App.1981). Hence, Seales is not eligible for Alabama workmen's compensation benefits under § 25-5-35(d)(1).
Alternatively Seales argues that he is eligible for Alabama benefits under § 25-5-35(d)(2), which requires: (1) the contract to hire must be made in Alabama, and (2) the employment is not principally localized in any state.
We first consider whether the contract for hire was made in Alabama or Mississippi. The facts show that Seales' last employment prior to the Columbus, Mississippi, project was the Selma, Alabama, Daniel project. Seales worked on this project for twelve and one-half months, until its completion. While still on the Selma project, Seales learned that the next Daniel project would be in Mississippi, and he told the personnel office of Daniel that he wanted to work there after the Selma project was finished. During the time that lapsed between the Selma project and the Mississippi project (approximately four weeks), Seales resided with his family in Pell City, Alabama, and did not look for employment. He certified himself as unemployed during that period and drew unemployment benefits. In deposition, Seales states that while in Pell City, someone called him and told him if he wanted a job to come to the Columbus, Mississippi, project. Counsel for Seales argues that these facts show Seales fully expected to return to work for Daniel in Mississippi and therefore the employment relationship was never terminated. However, as counsel for Daniel points out, all of the essential ingredients which usually precede an employment relationship, such as filling out an application for employment and completing the necessary payroll, tax and insurance forms, were all performed in Mississippi. We find as a matter of law from the evidence, that the contract of employment was made in Mississippi. See Cobb v. International Paper Company, 76 So.2d 460 (La.App.1954).
Seales contends that the fact that his health insurance never lapsed between the Selma project and the Mississippi project shows a continuous employment relationship. However, his insurance was paid by monthly payroll deduction. The terms of his insurance provided by the last deducted premium had not expired, though his employment had ended.
The argument by Seales of the application of the full faith and credit clause of the United States Constitution is deemed not applicable under the facts of this case.
We find no genuine issue of material fact, and Daniel is entitled to summary judgment as a matter of law. This case is due to be and is affirmed.
AFFIRMED.
BRADLEY, J., concurs.
HOLMES, J., concurs specially.
HOLMES, Judge (concurring specially).
I concur with the result reached by the majority.
As indicated in the majority opinion, the employee contends that his employment with Daniel Construction was continuous in nature; therefore, the amount of working *632 time spent in Alabama in previous jobs for Daniel should be taken into consideration under § 25-5-35(b), Ala.Code (1975). The actions of the employee, however, can support a different conclusion.
In this instance, there was evidence that, upon concluding the job in Selma, the employee returned home and filed for and received unemployment compensation. This action on the part of the employee clearly indicates that the employee considered his employment with Daniel to be terminated.
Because the previous employment by Daniel appears to have been terminated, the successive job in Mississippi would have its own individual existence outside Alabama and would not be considered a continuous employment relationship with Daniel. See 4 A. Larson, The Law of Workmen's Compensation § 87.43 (1984).
Furthermore, the evidence of the hiring practices of Daniel at the Mississippi site, such as the completion of the necessary employment forms, indicates that a "new" contract of employment was entered into in Mississippi.
When considering the termination of the employee's employment with Daniel, as indicated by the procurement of unemployment compensation, and the "new" contract in Mississippi, as indicated by the hiring practices of the employer, I cannot say that, in this instance, the employment relationship was continuous in nature. Therefore, it was not error for the trial court to conclude that previous employment by Daniel in Alabama should not be taken into consideration in finding the amount of working time spent by the employee in Alabama under § 25-5-35(b).