INGRAM, Presiding Judge.
This case concerns the application of the Parental Kidnapping Prevention Act of 1980 (28 U.S.C.A. § 1738A (West.Supp. 1986)) (PKPA). The father filed a petition for writ of mandamus requesting this court to order the Circuit Court of Marion County (Alabama) to dismiss his wife’s divorce action and defer jurisdiction to Michigan. The father contends that Alabama lacks jurisdiction to entertain the wife’s divorce action in that a proceeding for divorce and custody is already pending in Michigan.
At the outset, we note that mandamus is a drastic and extraordinary writ and, in order for this court to issue such a writ, there must be credible allegations, which are ironclad in nature, showing that the trial court is bound by law to do what the petition requests. Ex parte Adams, 514 So.2d 845 (Ala.1987). Furthermore, the writ is not to be granted unless there is a clear showing of error in the trial court. Gissendanner v. Slade, 382 So.2d 1127 (Ala.1980).
Here, as noted above, the father contends that Alabama lacks jurisdiction. Clearly, if Michigan exercised jurisdiction first and did so consistently with the PKPA, then Alabama should have deferred jurisdiction. 28 U.S.C.A. § 1738A(g); See Ex parte Lee, 445 So.2d 287 (Ala.Civ.App.1983). However, from a review of the evidence before us, we cannot make such a determination. The facts are in dispute and, although a hearing was held concerning the jurisdictional question, a record of that hearing is not before us. We would point out that the father requested this court to order the court reporter to prepare and forward a complete transcript of the oral testimony of the wife. However, pursuant to Rule 21(a), Alabama Rules of Appellate Procedure, supplying a record is the responsibility of the father (petitioner) and not this court. Rule 21(a) states that the petition shall contain, among other things, copies of any order or opinion or parts of the record which would be essential to an understanding of the matter set forth in the petition.
In view of the above, we find that the father has failed to meet his burden of proof. Therefore, the petition for writ of mandamus is due to be denied.
WRIT DENIED.
ROBERTSON and RUSSELL, JJ., concur.