THIGPEN, Judge.
This is a workmen’s compensation case.
R.C. Robinson initiated this action against Fluor-Daniel International Corporation (Fluor-Daniel) in October, 1989, alleging that he was injured while working for Fluor-Daniel on a job site in Tennessee on October 5, 1987. Fluor-Daniel, Inc., answered and, inter alia, filed a motion to dismiss pleading nul tiel corporation. After that motion was overruled, Fluor-Dan-iel, Inc., filed a motion for summary judgment with supporting documentation alleging that Robinson was employed in Tennessee and not subject to the Alabama workmen’s compensation laws. Robinson opposed the motion with affidavits. Fluor-Daniel, Inc., provided the trial court with supplemental documentation in further support of its motion. After oral argument, the trial court granted the motion for summary judgment in favor of Fluor-Dan-iel, Inc. After summary judgment had been granted, Robinson filed a motion to amend his complaint, and post-trial motion seeking reconsideration, or alternatively, for the trial court to vacate the judgment. Those motions were denied after a hearing, and Robinson appeals.
The dispositive issue is whether the trial court erred in granting the motion for summary judgment based on the evidence it had before it.
Robinson contends that he is entitled to Alabama workmen’s compensation benefits because, although his employment was not localized in any state, he worked for Fluor-Daniel about forty years in various states as a result of a contract for hire made in Alabama. He submits that this situation falls squarely within the provisions of Ala. Code 1975, § 25-5-35, which governs recovery for accidents which occurred outside of Alabama. He contends that because he was called at his home in Alabama and requested to report to a job site in Tennessee; the contract was made in Alabama. Additionally, he contends that when he first applied for benefits relating to this injury, his attorney contacted officials in Alabama and Tennessee and was told that compensation would be paid in Alabama. *900 Further, he contends that he received compensation under Alabama laws for a period following the injury.
The law regarding summary judgment is well established. Rule 56, A.R.Civ.P., provides that summary judgment, which tests the sufficiency of the evidence, is proper when the trial court determines that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law. The party moving for summary judgment has the burden of negating the existence of a material fact. Rule 56, A.R.Civ.P. When the motion is made and supported as provided in the rule, a party adverse to such a motion may not rest upon mere allegations or denials of the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Rule 56, A.R.Civ.P. Since this action was filed after the adoption of Ala.Code 1975, § 12-21-12, proof by substantial evidence is the test for summary judgment. See, Bass v. SouthTrust Bank, 538 So.2d 794 (Ala.1989). We must also review the entire record in a light most favorable to the non-moving party. Mann v. City of Tallassee, 510 So.2d 222 (Ala.1987).
Reviewing the record we find that Fluor-Daniel, Inc., submitted, along with its motion for summary judgment, supporting affidavits from personnel within its employ. One of the affiants, who maintained employees’ records, stated that according to the records, Robinson had been hired and terminated a number of times for various jobs with Fluor-Daniel, Inc. Her records indicated further that Robinson went to Tennessee, as a result of a telephone call, to apply for work with Fluor-Daniel, Inc. She stated that Robinson was hired at the job site in Tennessee and worked there until October, 1987. A second affiant stated that he accepted an application from Robinson at the job site in Tennessee.
To oppose the motion for summary judgment, Robinson submitted affidavits from himself and his wife. Summarily, Robinson’s affidavit states that he had worked on projects with Daniel Construction Company from about 1956 until 1977, then Fluor-Daniel International Corporation and it predecessor from 1977 until 1987. He stated that during this time, he completed forms at the various job sites, including the Tennessee job site, for “record keeping” purposes, but that he was not terminated and hired on each occasion. He stated that the affidavits supporting the motion were incorrect because he had worked continuously with the company since 1956. The affidavit of Robinson’s wife recounted how she received a telephone call from a Mr. Berry, advising Robinson to get to Tennessee as soon as possible. She also stated that neither she nor Robinson were ever told that he was fired after jobs, but usually he was just given a leave or transfer. She stated that she “was told that construction workers got paid for only the days they worked” and that to the best of her knowledge, her husband had worked for that company since sometime in the 1950’s or 1960’s.
The motion was set for hearing on July 11, 1990, and in open court that date, Fluor-Daniel, Inc., filed a response to Robinson’s opposition and supplemented its motion with additional affidavits. The trial court granted the motion for summary judgment and entered a final order pursuant to Rule 54(b), A.R.Civ.P.
Our review of the record shows that Fluor-Daniel, Inc., as required, made a pri-ma facie showing that there was no genuine issue as to any material fact regarding Robinson’s employment status and that they were entitled to a judgment as a matter of law. Additionally, on appeal, Fluor-Daniel, Inc., asserts its reliance on a previous case, Seales by Seales v. Daniel Construction Company, Inc., 469 So.2d 629 (Ala.Civ.App.1985). The facts in that case are very similar to the facts here. The worker in Seales, supra, was notified while still on a job in Selma, Alabama, to go to Mississippi if he wanted to work after the Selma project was completed. He went to Mississippi, and like Robinson in the instant case, completed the employment application and personnel forms on the job site there. We determined there that “as a matter of law from the evidence, that the contract of employment was made in Mississippi.” Seales, 469 So.2d at 631.
*901 There, as here, we are mindful of the general rule that workmen’s compensation statutes must be liberally construed to accomplish their beneficent purposes. Cement Products Co. v. Martin, 397 So.2d 149 (Ala.Civ.App.1981). Even so, the evidence before the trial court prior to its ruling indicates that Robinson did not have a permanent employee relationship with Fluor-Daniel, Inc., but was employed for each project in whatever state or location. Fluor-Daniel, Inc., carried its burden under the requirements of Rule 56, A.R.Civ.P.
Once that burden shifted, Robinson failed to set forth any facts showing that there was a genuine issue for trial. The affidavits from Robinson and his wife merely restate his allegations and provide nothing rebutting Fluor-Daniel, Inc.’s evidence. Speculation or allegations without supporting evidence will not withstand a motion for summary judgment. Hall v. Chrysler Corp., 553 So.2d 98 (Ala.1989).
We do note that almost two weeks after summary judgment was granted Robinson attempted to amend his complaint to correct the name of Fluor-Daniel, Inc., in his pleadings. Additionally, Robinson’s post-trial motion attempted to bring before the trial court a memo which Robinson contends proves that he was paid workmen’s compensation benefits under Alabama laws. Our reading of that memo from a casualty adjuster reveals only the date that temporary total benefits ceased and no indications what guidelines were used in computing the amounts. Robinson simply failed to contradict the prima facie showing that his injury was not covered by the extraterritorial provisions of the Alabama Workmen’s Compensation Act. Seales, supra.
Accordingly, summary judgment was proper, and the decision of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.