INGRAM, Justice.
R.C. Robinson sued Fluor-Daniel International Corporation to recover benefits that he alleged were due him under the provisions of the Alabama Workmen’s Compensation Act. Robinson alleged that he was hired by Fluor-Daniel in Alabama and that he suffered irreversible back and leg injuries as the result of an accident that occurred while he was working within the scope of his employment with Fluor-Daniel on a job site in Tennessee.
Fluor-Daniel answered Robinson’s complaint and filed a motion for summary judgment in which it asserted that the Alabama Workmen’s Compensation Act was inapplicable, because, it claimed, at the time of the accident made the basis of Robinson’s complaint, Robinson was employed in Tennessee under an employment contract executed in Tennessee, rather than in Alabama. The trial court entered a summary judgment for Fluor-Daniel, and Robinson appealed to the Court of Civil Appeals. That court affirmed the trial court’s judgment, 598 So.2d 898, and we granted Robinson’s petition for the writ of certiorari.
The issue raised is whether the Court of Civil Appeals erred in holding that Robinson’s contract of hire was made outside Alabama and that Robinson was, therefore, not entitled to pursue an award of workmen’s compensation benefits in Alabama.
The evidence before the trial court when it entered the summary judgment for Fluor-Daniel reveals that at the time Robinson was injured, he was working for Fluor-Daniel at a construction site in Kingsport, Tennessee. The affidavits submitted by Fluor-Daniel in support of its summary judgment motion indicate that a number of times Robinson had been hired for, and terminated from, various jobs with Fluor-Daniel. Most recently, according to Fluor-Daniel, Robinson was Fluor-Daniel’s employee from April 27, 1987, the day Fluor-Daniel says he was hired in Tennessee, until October 29, 1987, the day he was injured. Fluor-Daniel further asserted that Robinson was hired in Tennessee after he had completed an application at the job site and that Robinson had gone to the job site seeking employment after a Fluor-Daniel representative told Robinson by telephone to come to the job site.
In opposition to Fluor-Daniel’s summary judgment motion, Robinson submitted his own affidavit and the affidavit of his wife. According to Robinson, he resides in Alabama and, until the time of his injury, had been employed on projects with Fluor-Dan-iel and its predecessors since 1956. Because most of his work with Fluor-Daniel was outside Alabama, Robinson indicated that when he completed a project he was given a break to return home before beginning work on the next project.
Robinson stated that while he was at his home in Alabama on a break between projects, Cecil Barry, a representative of Fluor-Daniel, telephoned Robinson’s home *903 and spoke with his wife. Robinson’s wife stated in her affidavit that Barry told her in this telephone conversation that her husband “should get up to Kingsport, Tennessee as soon as possible” and “[t]hat he could have been working two weeks earlier.” Robinson went to the Fluor-Daniel job site in Tennessee, completed certain forms that he was told were needed for recordkeeping purposes, and thereafter began work on the project. It was during the course of this employment that Robinson was injured, when he fell over a steel bar. Robinson indicated in his affidavit that he had contacted, through his attorney, the Tennessee Workmen’s Compensation Office, and had been informed that he had to pursue workmen’s compensation benefits in Alabama, rather than in Tennessee, because, that office said, he had been hired in Alabama.
In affirming the summary judgment for Fluor-Daniel, the Court of Civil Appeals concluded that Fluor-Daniel made a prima facie showing that there was no genuine issue as to any material fact regarding Robinson’s employment status and that Fluor-Daniel was, therefore, entitled to a judgment as a matter of law and that Robinson failed to set forth any facts showing the existence of a genuine issue for trial. However, after considering the evidence in the record and the Court of Civil Appeals’ application of the law to that evidence, we conclude that that court erred in affirming the summary judgment.
Robinson’s right to workmen’s compensation benefits under Alabama law is controlled by § 25-5-35, Ala.Code 1975, which allows recovery, in certain situations, for work-related injuries occurring in another state. Section 25-5-35 provides, in pertinent part:
“(d) If an employee, while working outside of this state, suffers an injury on account of which [the employee] ... would have been entitled to the benefits provided by this article and article 3 of this chapter had such injury occurred within this state, such employee ... shall be entitled to the benefits provided by this article and article 3 of this chapter, provided that at the time of such injury:
[[Image here]]
“(2) [The employee] was working under a contract of hire made in this state in employment not principally localized in any state....”
In reaching its conclusion that Robinson was not entitled to pursue an award of workmen’s compensation benefits in Alabama, the Court of Civil Appeals drew heavily on its prior decision in Seales v. Daniel Construction Co., 469 So.2d 629 (Ala.Civ.App.1985). In Seales, an employee was attempting to recover workmen’s compensation benefits in Alabama for injuries he sustained while working on a construction project in Mississippi. Before working on the Mississippi project, the employee had worked for the same employer on a project in Selma, Alabama. Between the end of the Selma project and the beginning of the Mississippi project, the employee did not look for employment, and he certified himself as unemployed during that period and drew unemployment benefits. After approximately four weeks, the employee was contacted at his home in Alabama and told that if he wanted a job he should go to Mississippi. The Court of Civil Appeals concluded from the evidence that as a matter of law the contract of employment in that case was made in Mississippi.
Although the issue of where a contract is made for purposes of determining the applicability of workmen’s compensation provisions is a question of first impression for this Court, the issue has been previously addressed by courts in other jurisdictions. We find that the majority of those holdings is contrary to the Court of Civil Appeals’ ruling in Seales. For example, in Chance v. Fidelity & Casualty Co., 509 So.2d 593 (La.App.1987), an employment contract was held to be a Louisiana contract where the employee had been contacted at his home in Louisiana by a friend during that friend’s attempt to put together a sandblasting and painting crew for a job in Texas and after assembling the crew the friend directed the crew to a supervisor with the employer at a Texas job site.
*904 Similarly, in City Products Corp. v. Industrial Commission, 19 Ariz.App. 286, 506 P.2d 1071 (1973), the Arizona Court of Appeals held that a contract for hire was an Arizona contract when an employee, who had previously worked for the employer, was called at his home in Arizona by the employer and was told that work was available in California, and the employee reported to work and actually began work in California as a result of this call. Likewise, in Haverly v. Union Construction Co., 236 Iowa 278, 18 N.W.2d 629 (1945), the Iowa Supreme Court held that where an Iowa employer offered an employee work in Oklahoma, the contract was complete when the employee left Iowa for Oklahoma. Therefore, the contract was an Iowa contract within the contemplation of the Iowa workmen’s compensation act. The Haverly court noted that the acceptance of the employment that had been offered to the employee took place when the employee started to the employer’s job site in Oklahoma and that it would be unreasonable to suppose that the trip was made merely for the purpose of applying for a position.
While we acknowledge that there are cases from other jurisdictions that are contrary to the authority we cite here, our research reveals the cited cases to be representative of the general approach taken by other jurisdictions to ascertaining where a contract for hire is made. See 99 C.J.S. Workmen’s Compensation § 23 (1958). Therefore, after considering the Seales decision and decisions from other jurisdictions under similar facts, we find that Seales presents an erroneous statement of the law with regard to the formation of employment contracts and, therefore, we overrule its holding as it relates to where an employment contract is made for purposes of determining an employee’s right to pursue an award of workmen’s compensation benefits.
As noted above, the facts in the present case indicate that Fluor-Daniel telephoned Robinson’s residence in Alabama with instructions for him to go to Kingsport, Tennessee, where, Fluor-Daniel told Robinson’s wife, Robinson could have been working two weeks earlier. Robinson, after his wife had received this telephone call, left for Tennessee. Robinson had been working on projects for Fluor-Daniel and its predecessors since 1956. Because of the prior course of dealing between the parties, there is nothing to indicate that either Fluor-Daniel or Robinson intended, or took, the telephone call to be anything short of an offer for employment on the Tennessee project. Under these facts, we find that the acceptance of the contract would have taken place when Robinson took affirmative action in acceptance of the offer, i.e., when he packed his bags and left Alabama for Tennessee.
We are inclined to join numerous other jurisdictions in what we conclude to be the better reasoned rule: an acceptance sufficient to give rise to an employment contract need not be verbal, but may be an act, such as a worker’s responding to an offer of employment by embarking on a journey to the place of employment in a sister state and presenting himself there for work. See Ohlhausen v. Sternberg Dredging Co., 218 La. 677, 50 So.2d 803 (1951). We hold, therefore, that Robinson is entitled, under § 25-5-35, Ala.Code 1975, to pursue an award of workmen’s compensation benefits in Alabama and that the summary judgment for Fluor-Daniel was improper.
The judgment of the Court of Civil Appeals in this case is due to be reversed and the cause remanded to that court with instructions to remand the case to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and ALMON, SHORES and ADAMS, JJ., concur.
MADDOX, HOUSTON and STEAGALL, JJ., dissent.