MOORE, Judge.
Southern Erectors, Inc. (“SEI”), petitions for a writ of mandamus directing the Montgomery Circuit Court to dismiss for lack of subject-matter jurisdiction a claim filed by Tony Gillaspy (“the employee”) seeking workers’ compensation benefits under the Alabama Workers’ Compensation Act (“the Alabama Act”), Ala.Code 1975, § 25-5-1 et seq., following an injury the employee received in a work-related accident occurring in Kansas while he was employed by SEI. We grant the petition and issue the writ.

Facts

The employee testified that, in 2010, while living in Montgomery, he learned of a job opening with SEI on a project in Wyoming. He then traveled to Wyoming for the job with SEI, which involved maintenance on certain equipment. According to the employee, he filled out an application for employment and underwent a drug test after he arrived in Wyoming. The employee stated that he had stayed in a hotel room in Wyoming with another worker and that, once the job was completed in Wyoming, he returned to Montgomery, where he remained until going to another job site for SEI in Mississippi.
The employee testified that he had also completed paperwork in Mississippi, where he worked for a few weeks before returning to Alabama. He stated that he had since worked for SEI at sites in North Dakota, Tennessee, and Alabama. He testified that, typically, only a few weeks elapsed between jobs and that he always stayed at hotels in the different states where he was working. He stated that he did not draw unemployment-compensation benefits between jobs, although he had been given “a little layoff slip to draw unemployment until the following job.” The employee testified that, while working at the North Dakota project, he had been told that a job in Kansas would soon be available. He testified, however, that he had been at his house in Montgomery for approximately two months after the North Dakota job when he found out the exact date he was to arrive at the job in Kansas.
According to the employee, he did not complete a different application for employment with SEI at each of the job sites, but he had filled out “tax forms and stuff,” including tax-withholding forms, in each state. He testified, however, that he had filled out a new application for employment in Kansas and that he had filled that out in Kansas once he had arrived at the job site. He testified that he had assumed that SEI needed a new employment application for each calendar year. SEI presented a Kansas Employee’s Withholding Allowance Certificate, dated February 7, 2011, which the employee confirmed he had signed. He stated that he had stayed in a hotel in Kansas and that SEI had had *1226 a trailer at the job site in Kansas in which the secretarial employees worked. The employee testified that his accident had occurred on March 14, 2011, and that he had received weekly paychecks from SEI between the time he had begun working in Kansas and the date of his injury. He testified that the medical treatment he received in Kansas following his accident had been paid for by SEI and that he had been receiving Kansas workers’ compensation benefits and medical benefits before he filed his lawsuit in Alabama. The materials submitted to this court include exhibits submitted by SEI, including an “employer’s report of accident” form that had been completed by the employee in Kansas and had been filed with the Kansas Department of Labor, as well as a Kansas Department of Labor workers’ compensation claim form that the employee had filled out in Kansas.

Procedural History

On March 13, 2013, the employee filed in the trial court a complaint against SEI for workers’ compensation benefits under the Alabama Act and against “the named Defendants and/or fictitious parties” for “willful, wanton, and intentional violation of safe employment.” On April 25, 2013, SEI filed a motion to dismiss; the trial court denied that motion on June 12, 2013. On October 3, 2013, SEI filed a motion for a summary judgment, attaching thereto, among other things, a transcript of the employee’s deposition testimony. The trial court denied SEI’s summary-judgment motion on October 29, 2013. On November 21, 2013, SEI filed a petition for a writ of mandamus in this court.

Analysis

In its petition, SEI requests this court to issue a writ of mandamus to the trial court, directing it to rescind its order denying SEI’s summary-judgment motion and to dismiss the employee’s claim for Alabama workers’ compensation benefits[1] for lack of subject-matter jurisdiction.
“Our supreme court has set forth the following standard by which this court considers a petition for a writ of mandamus:
“ ‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’
“Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). ‘The petitioner bears the burden of proving each of these elements before the writ will issue.’ Ex parte Glover, 801 So.2d 1, 6 (Ala.2001). Moreover, ‘in mandamus proceedings, we indulge all reasonable presumptions favoring the correctness of the judgment appealed from, and the petitioner must overcome this presumption by satisfactorily countervailing evidence.’ Ex parte Boykin, 568 So.2d 1243, 1244 (Ala.Civ.App.1990). ‘[T]he writ is not to be granted unless there is a clear showing of error in the trial court.’ Ex parte Shepherd, 560 So.2d 1089, 1090 (Ala.Civ.App.1990).”
Ex parte Everest Nat’l Ins. Co., 80 So.3d 954, 956-57 (Ala.Civ.App.2011). This court may review the denial of a motion for a summary judgment grounded on an assertion that the trial court, pursuant to Ala. Code 1975, § 25-5-35, lacks subject-matter jurisdiction to hear the case. Ex parte *1227 Fluor Corp., 960 So.2d 701, 703 n. 1 (Ala.Civ.App.2006).
Section 25-5-35(d), Ala.Code 1975, provides:
“If an employee, while working outside of this state, suffers an injury on account of which he or, in the event of his death, his dependents, would have been entitled to the benefits provided by this article [i.e., Article 2] and Article 3 of this chapter [i.e., the Alabama Act] had such injury occurred within this state, such employee or, in the event of his death resulting from such injury, his dependents, shall be' entitled to the benefits provided by this article and Article 3 of this chapter, provided that at the time of such injury:
“(1) His employment was principally localized in this state;
“(2) He was working under a contract of hire made in this state in employment not principally localized in any state;
“(3) He was working under a contract of hire made in this state in employment principally localized in another state whose workers’ compensation law was not applicable to his employer; or
“(4) He was working under a contract of hire made in this state for employment outside the United States.”
The undisputed evidence indicates that SEI contacted the employee at his home in Alabama to offer him a job in Kansas. The employee impliedly accepted that job offer by traveling to Kansas, where he later completed the formal prerequisites to the employment. In Ex parte Robinson, 598 So.2d 901 (Ala.1991), the Alabama Supreme Court determined that, under circumstances similar to those in the present case — -Robinson had traveled to Tennessee from his home in Alabama to pursue employment with a company for which he had worked at sites in Alabama and Mississippi in the past—
“an acceptance sufficient to give rise to an employment contract need not be verbal, but may be an act, such as a worker’s responding to an offer of employment by embarking on a journey to the place of employment in a sister state and presenting himself there for work.”
598 So.2d at 904. In this ease, under the holding in Robinson, the employee, while employed in Kansas, was working under a contract of hire made in Alabama.
As explained in Ex parte Fluor Corp., supra, however, that conclusion does not automatically mean that the Alabama Act applies to this case. In Robinson, the parties solely disputed the place of the making of the contract of hire. Upon concluding that the contract of hire had been forged in Alabama, the supreme court held that the worker was entitled to Alabama workers’ compensation benefits. In Ex parte Fluor Corp., supra, this court noted that, under § 25 — 5—35(d), Alabama workers’ compensation benefits are not payable just because an employee receives injuries while working out of state under a contract of hire made in this state. Section 25-5-35(d) also requires the court to consider where the employment was principally localized.
Section 25 — 5—35(b), Ala.Code 1975, provides:
“For the purposes of this section, a person’s employment is principally localized in this or another state when his employer has a place of business in this or such other state and he regularly works at or from such place of business, or if he is domiciled and spends a substantial part of his working time in the service of his employer in this or such other state.”
*1228 In Ex parte Fluor Contractors International, 772 So.2d 1157 (Ala.2000), the Alabama Supreme Court stated that
“[t]he words in § 25-5-35(b), [Ala.Code 1975,] given their plain meaning, do not require that, in order for a worker’s employment to be ‘principally localized’ within a particular state, the employer’s headquarters or corporate office be in that state, but merely that the employee work for that employer at a designated place within that state.”
772 So.2d at 1159.
The employee cites HomeBingo Network, Inc. v. Chayevsky, 428 F.Supp.2d 1232, 1249 (S.D.Ala.2006), in support of his assertion that SEI does not meet the requirements to substantiate a place of business with regard to the job site in Kansas, based on the determination in HomeBingo that “the ... touchstone for individual defendants should be whether they conduct business in the district ‘through a permanent and continuous presence.’ ” 428 F.Supp.2d at 1249-50. We note, however, that the United States District Court for the Southern District of Alabama made that determination in HomeBingo in reference to whether venue was proper pursuant to 28 U.S.C. § 1400(b), and that determination has no bearing on whether, pursuant to § 25-5-35(d), the employee’s employment was principally localized in Kansas.
In concluding that the employment at issue in Ex parte Fluor Corp. was principally localized in Georgia, this court looked to the facts that the employee in that case was working in Georgia at “the time of [the] injury”; that the employee was residing in a Georgia hotel on a weekly basis when he sustained the alleged injury; that the employee had completed a Georgia “employee’s withholding allowance certificate”; and that, because it operated as a “general contractor” while working on a power plant in Georgia, Fluor Corporation had “a place of business” in Georgia pursuant to § 25-5-35(b). 960 So.2d at 705-06. See also Associated Gen. Contractors Workers Comp. Self Ins. Fund v. Williams, 982 So.2d 557 (Ala.Civ.App.2007).
In the present case, like in Ex parte Fluor Corp., the employee had filled out an application for employment in Kansas, resided in a hotel while working in Kansas, was working in Kansas at the time of his injury, and had completed tax-withholding forms for the State of Kansas, and SEI was operating out of Kansas for the purposes of that job, such that SEI had “a place of business” in Kansas. Based on that evidence, the only factual conclusion to be drawn is that the employee’s employment was principally localized in Kansas. Thus, as a matter of law, § 25-5-35(d)(2) does not apply, as the employee contends.
Based on the foregoing, we conclude that, pursuant to § 25-5-35, the trial court did not have subject-matter jurisdiction of the employee’s claim seeking Alabama workers’ compensation benefits. Because the trial court lacked subject-matter jurisdiction to hear the employee’s workers’ compensation claim, the trial court erred by denying SEI’s summary-judgment motion. We, therefore, grant SEI’s petition for a writ of mandamus and issue a writ directing the trial court to enter a judgment dismissing the employee’s claim for Alabama workers’ compensation benefits against SEI.
PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ„ concur.

. The employer does not argue that the trial court erred in failing to dismiss the claim alleging "willful, wanton, and intentional vio-Iation of safe employment.” We, therefore, do not address that claim.