PITTMAN, Judge.
Dalton Logistics (“the employer”) petitions for a writ of mandamus directing the Choctaw Circuit Court to grant the employer’s motion seeking a summary judgment in a civil action brought against it by Ernest Harold Presley (“the employee”) pursuant to.the Alabama Workers’ Compensation Act, Ala.Code 1975, § 25-5-1 et seq. (“the Act”). The employer asserts in that petition that the Act does not apply to the employee’s claim, which stems from an injury sustained by the employee at a work site in North Dakota, and that the trial court lacks subject-matter jurisdiction. Because we agree with the employer that the Act does not afford a remedy to the employee and that the trial court does not have subject-matter jurisdiction over the employee’s claim, we grant the petition and issue the writ.
The pertinent facts are largely undisputed. The employee testified at his deposition that his brother-in-law, John Wait-man, had become aware that the employer had work openings in North Dakota and had contacted the employer to confirm that the employee could perform work for the employer there. The employee then contacted the secretary for the employer’s president, and the secretary sent “paperwork” to the employee’s Alabama residence via facsimile transmission for the employee to complete to finalize the employment arrangement. The employee testified that he had then completed that *339 paperwork and had thereafter sent that paperwork via facsimile transmission to the secretary (who was in Texas); he added that the secretary had then arranged for the employee to pick up a prepaid airplane ticket in Meridian, Mississippi, by which he would be able to fly to North Dakota to report to work. The employee testified that he had been picked up at an airport in Minot, North Dakota, by representatives of the employer and had been billeted in a “man camp” in that state consisting of a number of house trailers and a common dining area. Prom the “man camp,” the employee traveled to and from job sites between 20 and 150 miles away and performed work for the employer moving oil-drilling equipment among locations, typically working for 20 straight days in North Dakota and spending the following 10 days in Alabama after having flown home at the employer’s expense via commercial airlines.
According to the employee’s deposition testimony, it was in the vicinity of Ray, North Dakota, approximately 40 miles from the “man camp,” that he sustained an injury in August 2012 when his back struck a mud pump, and it is that alleged injury that, the employee claimed in his March 2013 complaint, warranted an award of benefits under the Act. In March 2014, the employer filed a motion for a summary judgment asserting that the Act did not provide a legal remedy to the employee; the employer relied upon the employee’s complaint and the transcript of his deposition. The employee filed a response in opposition to the employer’s motion, supported by his transcribed deposition testimony and an affidavit that he had filed in response to a prior motion to dismiss.[1] The trial court entered an order on June 20, 2014, denying the employer’s summary-judgment motion, and the employer filed its mandamus petition in this court on August 1, 2014, within the presumptively reasonable time for seeking review of the trial court’s order under Rule 21(a), Ala. R.App. P. Further, as we noted in Ex parte Southern Erectors, Inc., 161 So.3d 1224, 1226 (Ala.Civ.App.2014), this court may properly review, by means of a mandamus petition, claims of trial-court error in denying a motion for a summary judgment grounded on the contention that that court lacks jurisdiction to adjudicate a claim for benefits under the Act involving an extraterritorial-workplace injury.
The principal substantive question raised by the petition and answer is whether the Act applies to the employee’s claimed workplace injury. It is undisputed that the injury alleged by the employee occurred in North Dakota, not Alabama. However,
“[ajlthough the employee’s injury occurred outside Alabama, that fact alone does not disqualify him from receiving benefits under the Act. See 2 Terry A._ Moore, Alabama Workers’ Compensation, § 30:37 (West 1998). Generally, under the Act, if an employee, while working outside Alabama, suffers an injury as to which that employee would have been entitled to workers’ compensation benefits under Alabama law had *340 that injury occurred in Alabama, that employee will be entitled to benefits under the Act provided that one of several alternative conditions has been fulfilled. Briefly stated, benefits under the Act are payable if, at the time of the injury, [1] the employee’s employment was ‘principally localized’ in Alabama or [2] the employee was working under an employment contract entered into in Alabama as to three discrete types of employment: (a) employment that was not ‘principally localized’ in any state; (b) employment that was ‘principally localized’ in another state but was provided by an employer that was not subject to that state’s workers’ compensation law; and (c) employment outside the United States. See Ala.Code 1975, § 25-5-35(d)(1) — (4); see also 2 Moore, Alabama Workers’ Compensation, § 30:37.”
Associated Gen. Contractors Workers Comp. Self Ins. Fund v. Williams, 982 So.2d 557, 559-60 (Ala.Civ.App.2007).
Given the importance of the issue to the extraterritorial application of the Act, it is unsurprising that the parties disagree with respect to the location as to which the employee’s employment was “principally localized,” with the employer positing that the employment was “principally localized” in North Dakota and the employee alternatively positing, in two of the three main arguments stated in his answer, that the employment was “principally localized” in Alabama or that it was not “principally localized” in any state. As we noted in Williams, supra, the Act itself provides the applicable test:
“[Ejmployment is ‘principally localized’ in a particular state — whether Alabama or another state — when the employer ‘has a place of business in this or such other state and [the employee] regularly works at or from such place of business’ or ‘if [the employee] is domiciled and spends a substantial part of [the employee’s] working time in the service of [the] employer in this or such other state.’ ”
982 So.2d at 560 (quoting Ala.Code 1975, § 25-5-35(b)).
Viewing the undisputed evidence adduced by the parties through the lens of the applicable legal standard, we must agree with the employer that the employment from which the employee’s alleged workplace injury stems was “principally localized” in North Dakota. In this case, the employee was afforded air transportation to North Dakota, was housed during his working periods in facilities located in North Dakota whose use by the employee had been arranged by the employer, and traveled each working day from those facilities to oil-rig locations in North Dakota where he performed the work for which he had been hired. In contrast, although the employee was permitted to return to his home in Alabama for several days each month, and although the employer withheld Alabama income taxes from the employee’s wages for the employee’s benefit,[2] it is undisputed that the employee was not expected to perform work for the employ *341 er while in Alabama and that he did no work for the employer in any state other than North Dakota. Thus, like the worker in Ex parte Southern Erectors, Inc., supra, who was injured while performing equipment-maintenance work for a company in Kansas while residing in a Kansas hotel, the employee in this case suffered an alleged injury while engaged in employment that was principally localized in a single state other than Alabama.
Having concluded that the employee’s employment was, as the employer has contended, principally localized in North Dakota, this court must next consider, under Williams, supra, whether the Act nonetheless has extraterritorial application to the employee’s claimed injury under the sole remaining potentially applicable provision to be considered: that provision applying to employment that is undertaken pursuant to a contract entered into in Alabama, and that is “principally localized” in another state, but that is provided by an employer that is not subject to that other state’s workers’ compensation law. As to the first condition, we may assume, because the employer does not seriously contend to the contrary, that the employment contract between the parties was formed in Alabama by the employee’s having accepted an offer of employment through his having completed and dispatched pertinent forms to the secretary for the employer’s president from his home in Alabama. See generally 2 Terry A. Moore, Alabama Workers Compensation § 30:37 (2d ed.2013). Similarly, the second condition — that of principal localization in another state — is clearly present as to North Dakota in this case. However, the parties differ as to the applicability of North Dakota’s workers’ compensation laws, with the employer citing authority to the effect that coverage is afforded under North Dakota law to nearly all employees in that state, while the employee asserts that North Dakota’s workers’ compensation laws do not apply to the parties’ employment relationship.
As an initial matter, we note that the employee relies primarily upon a single substantive North Dakota workers’ compensation statute, N.D. Cent.Code § 65-08-01,[3] to support his position. However, that statute serves the same purpose in North Dakota as Ala.Code 1975, § 25-5-35, serves in Alabama: to set forth which injuries sustained outside the pertinent state may nonetheless be compensable as if they had been sustained inside the pertinent state. See Braun v. North Dakota Workers Comp. Bureau, 472 N.W.2d 457, 458 (N.D.1991) (“An injured employee’s right to collect benefits ... for an injury sustained outside of North Dakota is governed by Section 65-08-01.” (emphasis added)). By its very terms, § 65-08-01, including its own definition of principal localization that refers to the situs of an employment contract, simply does not apply to injuries that are sustained in North Dakota, such as the injury alleged by the employee here.
The employee further alleges that the employer’s failure to file an initial report of notice of injury with North Dakota’s workers’ compensation investigative and adjudicatory entity within seven days after having received notice of the employee’s injury amounts to an implicit recognition that North Dakota’s workers’ compensation laws did not apply to it. However, North Dakota’s workers’ compensation *342 laws, far from disqualifying coverage under such circumstances, expressly provide a built-in sanction for such conduct: “Failure of the employer to file a first report of notice of injury is an admission by the employer that the alleged injury may be compensable.” N.D. Cent.Code § 65-05-01.4 (emphasis added). Further, we note that in Barry v. Baker Elec. Coop., Inc., 354 N.W.2d 666 (N.D.1984), one of the primary authorities cited by the employer in its petition, North Dakota’s highest court held' that the workers’ compensation laws of North Dakota, not Minnesota, applied to a contribution claim stemming from an injury both sustained in and caused by conduct occurring in North Dakota by a Minnesota-domiciled employee of a Minnesota-based electrical-construction company notwithstanding the employee’s receipt of workers’ compensation benefits under a claim made under Minnesota law. The Barry court expressly noted that “North Dakota has a long-standing and strong public policy interest in making workmen’s compensation the exclusive remedy against an employer in the case of an injured employee.”. 354 N.W.2d at 673.[4]
We must conclude that the employee has not demonstrated that North Dakota’s workers’ compensation laws do not apply to the employer in this case so as to support the trial court’s conclusion that it had jurisdiction under the Act to hear the employee’s workers’ compensation claim. Because none of the alternative requirements for extraterritorial applicability of the Act set forth in § 25~5-35(b) and discussed in Williams, supra, are present, the trial court acted outside of-its discretion in denying the employer’s summary-judgment motion challenging that court’s power to adjudicate the employee’s claim. We therefore grant the employer’s petition for a writ of mandamus and direct the trial court to (a) vacate its order denying the employer’s summary-judgment motion and (b) enter a summary judgment in favor of the employer.
PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.

. The motion to dismiss does not appear in the attachments to the employer’s mandamus petition or the employee’s answer; however, even if the employer’s summary-judgment motion relied on the same grounds asserted in the employer’s motion to dismiss, any such similarity would not bar the employer from seeking mandamus relief based upon the ruling on the summary-judgment motion. Cf. Ex parte Noland Hosp. Montgomery, LLC, 127 So.3d 1160, 1165-66 (Ala.2012) (failure to seek review in appellate court of order denying motion to dismiss held not to preclude substantive review of subsequent mandamus petition directed to trial court’s later ruling denying summary-judgment motion).

. We decline the employee’s invitation to deem the employment "principally localized” in Alabama simply because the parties agreed, as they have the power to do by Alabama administrative regulation (see Ala. Admin. Code (Dep't of Revenue), r. 810-3-71-.01(12)), to provide for the withholding of Alabama income taxes from the employee’s wages despite their having been earned by virtue of work performed for the employer in North Dakota. Although, by statute, Alabama resident individuals who derive income from sources both within and outside the state are allowed a credit for any income taxes actually paid to other states, see Ala.Code 1975, § 40-18-21(a), such extraterritorial income is nonetheless taxable to such individuals under Alabama law. See Ala.Code 1975, § 40-18-2(a)(1).

. The other statute cited by the employee, N.D. Cent.Code § 65-08.1-01, pertains only to the authority of North Dakota’s workforce-safety insurer to establish a company to provide insurance coverage applicable to extraterritorial-workplace injuries within the substantive coverage of § 65-08-01.

. Accord Zebley v. Heartland Indus. Of Dawson, Inc., Civil No. 3:07-cv-23 (D.N.D. Sept. 11, 2008) (not reported in F.Supp.2d) ("[A]l-though Fallon Zebley entered into her employment contract in Minnesota, both the duties of her employment and her unfortunate death occurred in North Dakota. ... [TJhese facts are clearly sufficient to give rise to a claim for workers’ compensation benefits on behalf of Fallon Zebley under North Dakota law.”).