This case involves the validity of a loan contract.
David E. Cobb was an employee of Genesco at their shoe manufacturing plant in Huntsville, Alabama. As a Genesco employee he was eligible for membership in the company credit union, Genesco Employees' Credit Association (hereinafter Association). This Association was incorporated in Tennessee, and had its sole place of business in Tennessee.
Cobb was employed by Genesco from 1966 until 1979. In 1973 he applied and was approved for a credit arrangement called a quick loan plan with the Association. He filled out the loan application in Alabama and this application was signed by the local personnel manager and Cobb's supervisor. The application was then forwarded by mail to the Association in Nashville for approval. *Page 153 
After the loan was approved in Nashville, the money was forwarded back to the plant in Huntsville to be given to Cobb. The method for repayment of the loan was by payroll deduction. Since all Genesco checks are issued from Nashville, the deductions for loan repayment were made in Nashville.
In 1979 Genesco closed its Huntsville plant. As a result, Cobb was unemployed, and his loan fell in default. The Association filed suit on June 30, 1980 against Cobb and his wife claiming $536.82 plus interest. In December 1980 Cobb filed several defenses and a counterclaim.
The defendant contended that the loan was in violation of Alabama's "mini-code," Code 1975, § 5-19-1 to -31. Further, he contended that it was in violation of the Federal Truth in Lending Act, 15 U.S.C. § 1601 et seq. (1976). Later Cobb amended his answer to allege that the Association was a foreign corporation and had not complied with Code 1975, § 40-14-1, which requires foreign corporations to qualify to do business in Alabama. Cobb alleged that this failure to qualify made the loan agreement unenforceable in Alabama.
In its final judgment, the trial court found that Alabama law applied, and that the Association's claim was, therefore, unenforceable because of its failure to qualify to do business in Alabama. The Association appealed to this court on August 17, 1981.
The Association here contends that it is not doing business in Alabama, and that as a result its contract with Cobb is not void. Further, the Association argues that the contract was made in Tennessee, and therefore Tennessee law is applicable. We agree with these contentions and reverse the judgment.
Article XII, § 232, Ala. Const. (1901) provides:
 No foreign corporation shall do any business in this state without having at least one known place of business and an authorized agent or agents therein, and without filing with the secretary of state a certified copy of its articles of incorporation or association.
Section 40-14-1 of the 1975 Code requires a foreign corporation to qualify to do business in the state of Alabama. The penalty for failure to qualify is found in § 40-14-4, which provides in pertinent part:
 All contracts made in this state by any foreign corporation which has not first complied with the provisions of sections 40-14-1 through 40-14-3 shall, at the option of the other party to the contract, be wholly void at the action of such foreign corporation. . . .
The above noted provisions of Alabama law are limited in their application to contracts made in Alabama. Thus, contracts made outside Alabama do not constitute doing business in the state. Lee v. Great Northern Nekoosa Corp., 465 F.2d 1132 (5th Cir. 1972); J.R. Watkins Co. v. Hamilton, 32 Ala. App. 361,26 So.2d 207 (1946). However, if the contract is to be performed in Alabama, its performance would amount to doing business in Alabama. Citizens' National Bank v. Bucheit, 14 Ala. App. 511,71 So. 82 (1916); Lee v. Great Northern Nekoosa Corp., supra.
In the case at bar the application for the loan was completed in Alabama and forwarded to the Association's office in Nashville, Tennessee where it was to be approved or disapproved. The application itself clearly provided that final disposition of the application would be made in Tennessee. Where a contract is subject to acceptance in a foreign state and was approved in that state, the completion of the agreement is deemed to be in that foreign state and it is to be construed according to that foreign state's laws. W.T. Rawleigh MedicalCo. v. Walker, 16 Ala. App. 232, 77 So. 70 (1917). The contract in the case at bar received final approval in the state of Tennessee. As a result, the contract was completed in Tennessee and is deemed to be a Tennessee contract.
Furthermore, we are unable to find that the contract was to be performed in Alabama. Loan payments were made in Tennessee by payroll deduction. Payment of Cobb's wages was made by a check issued *Page 154 
in Nashville, Tennessee. Loan payments were made by deducting the appropriate amount from Cobb's check in Nashville before it was sent to him in Huntsville. Consequently, the loan payments having been made in Tennessee by payroll deduction in that state, the contract was performed in Tennessee.
Since the loan agreement was made in Tennessee and the agreement was performed in Tennessee, the Association's contract with Cobb is not void and the Association is not prevented from seeking to recover on it in Alabama.
Since we find that the loan contract was made in Tennessee, the provisions of Alabama's "mini-code," §§ 5-19-1 to -31, are inapplicable. The validity of a contract is determined by the law of the state in which it was made. Furst Thomas v.Sandlin, 208 Ala. 490, 94 So. 740 (1922). Where, however, the contract is to be performed at a place other than the place where it was made, the law of the place of performance governs.First National Life Insurance Co. v. Fidelity Deposit Co.,525 F.2d 966 (5th Cir. 1976). The contract in this case was made in Tennessee, and it was performed in Tennessee. As a result, Alabama's "mini-code" is inapplicable, and Tennessee law governs the transaction.
For the above reasons, the judgment of the trial court is reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
WRIGHT, P.J., concurs.
HOLMES, J., concurs in the result.