The defendant, Tri-State Motor Transit Company (Tri-State), petitions this court to issue writs of mandamus directing the trial court to dismiss two pending workmen's compensation suits for lack of subject matter jurisdiction. Our scope of review is limited to deciding whether the trial court is legally required to dismiss either case for lack of subject matter jurisdiction.Ex parte CSX Transportation, Inc., 533 So.2d 613
(Ala.Civ.App. 1987); Ex parte State Health Planning DevelopmentAgency, 500 So.2d 1149 (Ala.Civ.App. 1986).
The record reveals that Tri-State, a Delaware corporation headquartered in Missouri, hired two Alabama residents, James Tucker and Ronald Mills (claimants), as over-the-road drivers. The claimants' jobs entailed hauling specialized freight cross-country from a dispatch point in Tennessee. In 1987, the claimants sustained alleged injuries in Tennessee and Illinois, respectively, but filed separate workmen's compensation suits in Alabama.
The claimants' right to workmen's compensation benefits under Alabama law is governed by § 25-5-35, Ala. Code 1975. Under this statute, an employee who sustains an alleged job-related injury out of state is entitled to benefits provided by Alabama's workmen's compensation act only if he meets certain prerequisites set forth in § 25-5-35(d), Ala. Code 1975 (1986 Repl.Vol.). This section reads, in pertinent part, as follows:
 "If an employee, while working outside of this state, suffers an injury . . . [he] shall be entitled to the benefits provided by this article and article 3 of this chapter, provided that at the time of such injury:
 "(1) His employment was principally localized in this state; [or]
 "(2) He was working under a contract of hire made in this state in employment not principally localized in any state. . . ."
Under § 25-5-35(d)(1), a claimant's employment must be "principally localized" in Alabama. This term is defined in §25-5-35(b) as follows:
 "(b) For the purposes of this section, a person's employment is principally localized in this or another state when his employer has a place of business in this or such other state and he regularly works at or from such place of business, or if he is domiciled and spends a substantial part of his working time in the service of his employer in this or such other state." (Emphasis added.)
We note that the phrase "spends a substantial part of his working time in the service of his employer in this . . . state," which is set forth in § 25-5-35(b), "implies a current, ongoing employment status where it is foreseeable that the employee will continue to spend a substantial part of his working time in this state." Seales v. Daniel Construction Co.,469 So.2d 629 (Ala.Civ.App. 1985).
The claimants, seeking jurisdiction under § 25-5-35(d)(1), contend they spent a substantial part of their employment with Tri-State *Page 559 
in Alabama. The evidence, however, does not support this contention. The record indicates Mills spent only 5 days in Alabama of the 341 days he hauled freight for Tri-State. The record further indicates that Mills spent only 42 days at his home in Cordova, Alabama, on stand-by status. No freight was hauled from Cordova. There is also evidence that only 3 percent of Tucker's trips were made to destinations in Alabama. He, like Mills, also spent part of his time on stand-by at his home in Alabama.
In the alternative, the claimants argue they can invoke jurisdiction by way of § 25-5-35(d)(2). This section, as noted previously, allows recovery for out-of-state injuries when (1) the contract of hire is made in Alabama; and (2) the employment is not principally localized in any state.
It is clear that claimants' contracts of hire were subject to approval in Missouri, not Alabama. The employment applications filled out by the claimants were expressly conditioned upon the following language set forth in the contract:
 "Your references will not be checked until you attend our orientation school and if your references or qualifications do not check out to Tri-State's standards, you will not be qualified to drive a tractor leased or owned by Tri-State."
After completing the applications in Alabama, the claimants forwarded them by mail to Joplin, Missouri, for approval and acceptance by Tri-State. The claimants subsequently attended orientation school at Tri-State's home office in Missouri. This court has held that contracts subject to approval in foreign states are deemed completed in that foreign state. GenescoEmployees' Credit Association v. Cobb, 411 So.2d 151
(Ala.Civ.App. 1982). It follows then that the contracts of hire were made in Missouri.
It is clear that the claimants have failed to meet the prerequisites set forth in § 25-5-35 and are, thus, not eligible for benefits under Alabama law. We must, therefore, determine whether the courts of this state can enforce the workmen's compensation laws of Missouri.
Missouri entrusts the administration of its workmen's compensation act to a commission. As a rule, courts of one state will not enforce the workmen's compensation laws of another jurisdiction where the other state has provided a special tribunal, such as a commission, to administer such claims. 4 Larson Workmen's Compensation Law § 84.20, at 16-3 (1987). The Fifth Circuit Court of Appeals subscribed to this rule in Crider v. Zurich Insurance Co., 348 F.2d 211 (5th Cir. 1965). There, an Alabama resident sued his employer, a Georgia corporation, in an Alabama state court for an injury sustained in Alabama. His action was brought under Georgia's workmen's compensation act, which provides for exclusive enforcement by a Georgia commission. The court in Crider v. Zurich InsuranceCo., supra, denied Alabama courts jurisdiction over cases arising under the Georgia act. It based its decision in part onSingleton v. Hope Engineering Co., 223 Ala. 538, 137 So. 441
(1931), which prohibited a claimant from seeking compensation in Alabama under Georgia's workmen's compensation act since such a remedy was vested exclusively with Georgia's workmen's compensation commission. In light of the above, we must conclude that the courts of Alabama cannot grant relief under Missouri's workmen's compensation act.
We note that the claimants may seek relief in Missouri under the Missouri workmen's compensation act since this act grants jurisdiction "to all injuries received . . . outside of [Missouri] under contract of employment made in [Missouri], unless the contract of employment in any case shall otherwise provide." In view of the foregoing, the writs of mandamus are to be granted unless, within ten days from the date of this opinion, the trial court dismisses both workmen's compensation actions for lack of subject matter jurisdiction.
WRITS GRANTED CONDITIONALLY.
HOLMES, P.J., and ROBERTSON, J., concur. *Page 560