RUSSELL, Judge.
Jimmy Holcomb (employee), an Alabama resident, brought this action to recover workmen’s compensation benefits under the workmen’s compensation laws of the state of Alabama. Arma, Inc. (employer), filed a motion to dismiss, which was granted by the trial court. The employee appeals. We reverse and remand.
The dispositive issue is whether the trial court erred in dismissing the case when the employee worked for an out-of-state company and was injured in Alabama.
We note, at the outset, that a motion to dismiss for failure of the pleadings to state a claim on which relief can be granted will be treated as a motion for summary judgment if matters outside the pleadings are presented to the court and are not excluded by the court. Rule 12(b), Alabama Rules of Civil Procedure; Phillips v. Thomas, 555 So.2d 81 (Ala.1989).
Summary judgment is proper when the trial court determines that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P.; McMullin v. AmSouth Bank, 512 So.2d 1382 (Ala.Civ.App.1987). In addition, in our review of the trial court’s grant of summary judgment, we apply the same standard as that applied by the court below. Southern Guaranty Insurance Co. v. First Alabama Bank, 540. So.2d 732 (Ala.1989).
In the instant case, the trial court considered matters outside the pleadings in ruling on the employer’s motion to dismiss; therefore, we find that the motion became a motion for summary judgment.
The employer submitted an affidavit to the court, which stated, in pertinent part, the following: The employer is a Georgia corporation with its only corporate office located in Cordele, Georgia, and is organized and licensed to conduct business in the state of Georgia. The employer is in the business of “mantling,” dismantling, repairing, and otherwise servicing gins located in Georgia and surrounding states. The employee filled out an application for employment, which was submitted to the employer’s office in Cordele, Georgia. The employee also reported to the office in Cor-dele, Georgia, for assignment and would either ride to the job site with the crew in a company vehicle or would travel on his own to a job site, but all employment at various job sites originated at the employer’s office in Georgia. All personnel records, and payroll records were compiled at the office in Georgia, and compensation was either mailed to the employee or was picked up at the office in Georgia. The employee is covered by Georgia workmen’s compensation law, and he completed a Georgia employee’s withholding allowance certificate as required by Georgia law for Georgia employees. He applied for and received *577 workmen’s compensation benefits under the laws of the state of Georgia. In addition, it is undisputed that the employee was injured while working on a job in Alabama.
Section 25-5-35(g), Ala.Code 1975, sets the requirements under the Workmen’s Compensation Act for receiving benefits in this state as a result of employment principally localized outside of the state.
“(g) If, as a result of an employment principally localized in another state, an employee of an employer who would have been subject to this article or article 3 of this chapter, had the contract of employment been entered into in this state for performance in this state, suffers injury or death as a result of an accident occurring in this state, compensation and medical, surgical and hospital benefits on account of such injury or death may be recovered under this article or article 3 of this chapter.”
(Emphasis supplied.)
The term “principally localized” is defined in § 25-5-35(b) as follows:
“(b) For the purposes of this section, a person’s employment is principally localized in this or another state when his employer has a place of business in this or such other state and he regularly works at or from such place of business, or if he is domiciled and spends a substantial part of his working time in the service of his employer in this or such other state.”
(Emphasis supplied.)
Based on the affidavit of the employer, which states that the business is in Georgia and that the employee’s employment originates at the office of the employer in Cordele, Georgia, we find that employee’s employment is principally localized (as defined in § 25 — 5—35(b)) in the state of Georgia.
Since the employee’s employment is principally localized in another state and the employee suffered injury in this state, the question remains whether the employer “would have been subject to this article or article 3 of this chapter, had the contract of employment been entered into in this state for performance in this state,” § 25 — 5—35(g), so that compensation could be recovered under § 25-5-35(g). We find that the employer would have been subject to this article if these criteria had been present and that it is apparent that the employee “could have had the benefit of either the Georgia or the Alabama statute.” Crider v. Zurich Insurance Co., 348 F.2d 211 (5th Cir.1965).
This case is due to be reversed and remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, J., concurs.
INGRAM, P.J., not sitting.