ROBERTSON, Presiding Judge.
In May 1992 Robert Morgan filed a complaint against McAlister Trucking Company *676 (McAlister Trucking) in the Jefferson County Circuit Court, alleging that he had sustained an employment-related injury while in the state of Alabama and that he was entitled to recover benefits under the Alabama Workmen’s Compensation Act. In August 1992 Morgan amended his complaint to include CLM Industries (CLM) as a party defendant. CLM filed a motion to dismiss, asserting various grounds, including lack of subject matter jurisdiction.
On October 7, 1992, the trial court entered an order dismissing Morgan’s claim against CLM for lack of subject matter jurisdiction. Morgan’s subsequent motion to alter, amend, or vacate was overruled on November 9, 1992, and the trial court entered a Rule 54(b), A.R.Civ.P., certification of finality. Morgan now appeals.
The record reveals that CLM is a Texas corporation with its headquarters located in Wichita Falls, Texas. CLM employs and leases the services of approximately 150 drivers to McAlister Trucking, which, like CLM, is incorporated in the state of Texas. McAl-ister Trucking’s corporate office is located in the same building as CLM’s headquarters. According to the deposition testimony of McAlister Trucking’s owner, who participated in the formation of CLM and owns a percentage of its stock, CLM was formed for the purpose of providing workmen’s compensation coverage to drivers whose services are leased by McAlister Trucking. Drivers furnished by CLM to McAlister Trucking carry freight in forty-eight states, including Alabama.
The record shows that Morgan, who is a resident of Georgia, originally applied for employment as a driver with McAlister Trucking; however, McAlister Trucking forwarded Morgan’s application to CLM. Morgan was subsequently asked to participate in CLM’s driver-training program in Wichita Falls. In April 1991, upon completion of the training program, Morgan entered into an employment contract with CLM. It is undisputed that this contract was entered into in the state of Texas. It is likewise undisputed that while performing his job for CLM, Morgan was required at times to work and travel within the state of Alabama.
In his complaint Morgan alleged that on or about September 16, 1991, while in Jefferson County, Alabama, he sustained a back injury that arose out of and in the course of his employment as a truck driver. Morgan claimed that he was entitled to relief in the courts of this state, pursuant to the Alabama Workmen’s Compensation Act. CLM maintained, however, that Alabama courts lacked subject matter jurisdiction because (1) Morgan’s employment contract was not made in Alabama; (2) Morgan’s employment was not principally located in Alabama; and (3) Morgan worked for a Texas company.
As authority for dismissing Morgan’s claim for lack of subject matter jurisdiction, the trial court cited Ex parte Tri-State Motor Transit Co., 541 So.2d 557 (Ala.Civ.App.1989). However, we find Tri-State to be inapplicable to the facts in this case. In TriState, two Alabama residents employed in Missouri sought benefits for employment-related injuries that they incurred in Tennessee and Illinois. The employees asserted that the Alabama trial court had jurisdiction over their workmen’s compensation claims pursuant to § 25-5-35(d), Ala.Code 1975. We held that the trial court lacked subject matter jurisdiction because residency constituted the employees’ only nexus with Alabama.
Tri-State involved an attempt by employees working under out-of-state contracts to invoke the jurisdiction of our courts for workmen’s compensation claims where out-of-state injuries had been sustained. The case sub judice, on the other hand, involves an out-of-state employment contract and an alleged in-state injury. Therefore, the Code section under which Morgan could seek to invoke the jurisdiction of Alabama courts was not § 25-5-35(d), but rather § 25-5-35(g), Code 1975.
The dispositive issue on appeal is whether the trial court erred in dismissing Morgan’s complaint for lack of subject matter jurisdiction when Morgan worked for a Texas company but was allegedly injured in the state of Alabama.
Section 25-5-35(g) sets forth the requirements under the Alabama Workmen’s Com *677 pensation Act for receiving benefits through our courts for injuries incurred in this state as a result of employment principally localized outside the state:
“If, as a result of an employment principally localized in another state, an employee of an employer who would have been subject to ... article [2] or article 3 of this chapter, had the contract of employment been entered into in this state for performance in this state, suffers injury or death as a result of an accident occurring in this state, compensation and medical, surgical and hospital benefits on account of such injury or death may be recovered under this article or article 3 of this chapter.”
(Emphasis supplied.)
Because the record shows that CLM’s business was located in Texas and that Morgan’s employment originated in Texas, we find that Morgan’s employment was principally localized in the state of Texas. Further, it is undisputed that CLM would have been subject to article 2 or article 3 of our Workmen’s Compensation Act had the contract of employment been entered into in Alabama for performance in Alabama. See §§ 25-5-30 and -50, Code 1975.
We hold, therefore, that the trial court had subject matter jurisdiction in this case and that Morgan was entitled to pursue his workmen’s compensation claim against CLM in Alabama, where, allegedly, his injury occurred.
The judgment of the trial court is reversed, and the case is remanded to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN and YATES, JJ., concur.