772 So.2d 1156 (1999)
FLUOR CONTRACTORS INTERNATIONAL
v.
Charles O. HILL.
2970597.
Court of Civil Appeals of Alabama.
February 5, 1999.
John W. Clark, Jr., Kelly W. Otto, and Cynthia A. Martin of Clark & Scott, P.C., Birmingham, for appellant.
Daniel E. Boone, Florence, for appellee.
ROBERTSON, Presiding Judge.
AFFIRMED. NO OPINION.
See Rule 53(a)(1) and (a)(2)(F), Ala. R.App.P.; Rule 45, Ala.R.App.P.; Rules 12(h)(1) and 54(c), Ala.R.Civ.P.; § 6-5-430, Ala.Code 1975; Tenn.Code Ann. § 50-6-207 and 50-6-225 (1991); Ex parte Southern Ry. Co., 556 So.2d 1082 (Ala. 1989); and Floyd v. Vicksburg Cooperage Co., 156 Miss. 567, 126 So. 395 (1930).
YATES and MONROE, JJ., concur.
CRAWLEY and THOMPSON, JJ., dissent.
THOMPSON, Judge, dissenting.
Hill lives in Tennessee; he was employed by Fluor at its plant in Tennessee. Hill's only connection with Alabama is his membership in a boilermakers' union in Muscle Shoals, Alabama. Hill filed a complaint in the Colbert County Circuit Court seeking benefits under Alabama's Workers' Compensation Act. The trial court awarded workers' compensation benefits to Hill pursuant to Alabama's Worker's Compensation Act. The majority affirms, citing the Tennessee workers' compensation statute.
Section 25-5-35(d), Ala.Code 1975, provides that an employee working outside Alabama may recover under this state's workers' compensation law if:
"(1) His employment was principally localized in this state;
"(2) He was working under a contract of hire made in this state in employment not principally localized in any state;
"(3) He was working under a contract of hire made in this state in employment *1157 principally localized in another state whose workmen's compensation law was not applicable to his employer; or
"(4) He was working under a contract of hire made in this state for employment outside the United States."
None of the four factors set forth in § 25-5-35, Ala. Code 1975, applies to the facts of this case. Hill is clearly not eligible for workers' compensation benefits under the Alabama statute.
In determining that the Alabama courts have jurisdiction to resolve, under Tennessee law, Hill's claim for workers' compensation benefits, the majority also cites § 6-5-430, Ala. Code 1975. That section provides that Alabama courts may determine claims arising in other states when the Alabama court can obtain jurisdiction over the defendant. § 6-5-430, Ala. Code 1975. Hill has not made any claim for benefits under the workers' compensation law of any other state. In his complaint, Hill avers that Fluor "had timely and actual notice of the accident within the time specified by the Workers' Compensation Act of the State of Alabama" and that both he and Fluor "are subject to the Workers' Compensation law of the State of Alabama," and he "demands judgment against [Fluor] for the compensation and medical benefits to which [Hill] is entitled by the Workers' Compensation law of the State of Alabama." Hill's sole claim is for benefits under the Alabama Workers' Compensation Act.
In his complaint, filed in the Alabama court, Hill did not allege that Tennessee law was applicable; therefore, he has not sought benefits under the Tennessee workers' compensation law. The majority cites Rule 54(c), Ala.R.Civ.P., which provides in part that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." However, the comments to Rule 54(c) state that that rule "is only applicable where the proof supports the relief finally given, and where, therefore, pursuant to Rule 15(b), the pleadings could be deemed to be amended to conform to the evidence." Rule 54, Ala.R.Civ.P., Committee Comments on 1973 Adoption. The record contains no mention of a claim for benefits under the Tennessee workers' compensation law and no evidence indicating that the issue of benefits pursuant to the Tennessee workers' compensation law was tried by the implied consent of the parties. See Rule 15(b), Ala.R.Civ.P. Thus, I do not believe Rule 54(c) is an appropriate basis upon which to grant relief not sought by Hill.
The majority cites the Tennessee worker's compensation statute and Floyd v. Vicksburg Cooperage Co., 156 Miss. 567, 126 So. 395 (1930), in affirming the trial court's award of benefits under Alabama's statute. I disagree with the majority's affirmance of the trial court's award of benefits under the Alabama Workers' Compensation Act, particularly given that the authorities cited in the majority's memorandum appear to be intended to suggest that the trial court could have awarded benefits under the Tennessee workers' compensation law. Therefore, I must respectfully dissent.
CRAWLEY, J., concurs.