Charles O. Hill sued in the Colbert Circuit Court to recover benefits under the Alabama Workers' Compensation Act for injuries he had sustained in the course of his employment by Fluor Contractors International ("Fluor") at a job site in Gallatin, Tennessee. The trial court awarded Hill $13,578.60 in compensation and attorney fees of $2,036.79. Fluor appealed; the Court of Civil Appeals affirmed the judgment of the trial court, without an opinion, but with a written dissent by two judges. Fluor Contractors Int'l v. Hill, [Ms. 2970597, February 5, 1999] 772 So.2d 1156 (Ala.Civ.App. 1999). We granted Fluor's petition for certiorari review. We reverse and remand.
At the time of his injury, Hill lived in Tennessee, and he was employed by Fluor, a South Carolina company, to work in Tennessee. His only connection to Alabama *Page 1159 
was his membership in a boilermakers' union headquartered in Muscle Shoals, Alabama.
Fluor telephoned the boilermakers' union in Muscle Shoals in order to solicit employment from members of that union to work on a job that Fluor was conducting at a construction site in Gallatin, Tennessee. The union referred Hill, who then drove to Gallatin. There, before he began work, he signed a "Notification of Employment Status" and was required to take a drug test, but he began work before the results were determined. On February 28, 1995, Hill sustained knee injuries while working within the scope of his employment.
Did the Colbert Circuit Court have subject-matter jurisdiction over Hill's claim? Hill argues that it had jurisdiction under §25-5-35(d), Ala. Code 1975. That section allows an employee to recover workers' compensation benefits, under the Alabama statute, for injuries he sustained while working outside the State of Alabama, in four situations:
 "(1) His employment was principally localized in this state;
 "(2) He was working under a contract of hire made in this state in employment not principally localized in any state;
 "(3) He was working under a contract of hire made in this state in employment principally localized in another state whose workmen's compensation law was not applicable to his employer; or
 "(4) He was working under a contract of hire made in this state for employment outside the United States."
Initially, we must determine where Hill's employment with Fluor was "principally localized." Section 25-5-35(b) provides:
 "[A] person's employment is principally localized in this or another state when his employer has a place of business in this or such other state and he regularly works at or from such place of business, or if he is domiciled and spends a substantial part of his working time in the service of his employer in this or such other state."
Hill appears to be arguing that because Fluor's corporate headquarters are not within the State of Tennessee, then his employment also cannot be "principally localized" in Tennessee. We disagree. In order to ascertain the meaning of a statute, we look to the plain meaning of the words written by the Legislature. Johnson v. Price, 743 So.2d 436, 438
(Ala. 1999). The words in § 25-5-35(b), given their plain meaning, do not require that, in order for a worker's employment to be "principally localized" within a particular state, the the employer's headquarters or corporate office be in that state, but merely that the employee work for that employer at a designated place within that state. Therefore, it is clear, under § 25-5-35(b), that because all of the work Hill performed in his job with Fluor was performed at the job site in Gallatin, Tennessee, his employment was localized in Tennessee.
Because Hill's employment was localized in Tennessee, the only subsection of § 25-5-35(d) that he could recover under would be subsection (3). Section 25-5-35(d)(3), to be applicable, requires that the workers' compensation law of the state in which the injury occurred not be applicable to the employer. Neither party has alleged that Tennessee workers' compensation law did not apply to Fluor. On the contrary, Hill argues in his brief that he would also be entitled to workers' compensation benefits under Tennessee law. Therefore, §25-5-35(d)(3) would not provide subject-matter jurisdiction to the trial court in the present situation, and the action could not be brought under the Alabama Workers' Compensation Act, regardless of where the contract was made.
Hill's second argument is based on the citations to § 6-5-430, Ala. Code 1975, and Rule 54(c), Ala.R.Civ.P., made in the Court of Civil Appeals' memorandum of affirmance. These citations appear to *Page 1160 
indicate that the majority of that court believed that if the trial court did not have jurisdiction under § 25-5-35(d), then it could have jurisdiction by acting to enforce Hill's rights under Tennessee workers' compensation law. Section 6-5-430 allows Alabama courts to hear a claim made under the law of another state. In their dissenting opinion, Judge Thompson and Judge Crawley disagreed and stated that § 6-5-430 is inapplicable to this case because "Hill has not made any claim for benefits under the workers' compensation law of any other state." Fluor, 772 So.2d at 1157 (Thompson, J., dissenting). In other words, the dissent argued, because Hill made no claim under the law of any other state, the trial court could not possibly have had jurisdiction to grant relief under the law of another state. We agree.
Additionally, because Hill made no claim under Tennessee law and the trial court therefore had no subject-matter jurisdiction in regard to Tennessee law, Rule 54(c) is also inapplicable.
Furthermore, we note that Hill could not have made a valid claim under Tennessee workers' compensation law. It is undisputed that when Hill filed the present action in the Colbert Circuit Court, the applicable Tennessee statute of limitations would have barred any claims he might have made under Tennessee law. See Tenn. Code Ann. § 50-6-203; § 50-6-224. Therefore, Hill could have no valid claim under Tennessee law; the Colbert Circuit Court could have had no Tennessee claim to hear under § 6-5-430; and that court could not award damages for such a claim under Rule 54(c).
Because the Colbert Circuit Court had no subject-matter jurisdiction to hear Hill's workers' compensation claim, the Court of Civil Appeals erred in affirming its judgment. We reverse and remand.
REVERSED AND REMANDED.
Hooper, C.J., and Maddox, Cook, See, Lyons, Brown, and England, JJ., concur.
Johnstone, J., concurs specially.