960 So.2d 701 (2006)
Ex parte FLUOR CORPORATION
(In re Ledger Morrisette
v.
Fluor Corporation).
2050724.
Court of Civil Appeals of Alabama.
December 22, 2006.
*702 Joseph H. Driver and D. Greg Dunagan of Carr, Allison, Pugh, Howard, Oliver & Sisson, P.C., Birmingham, for petitioner.
Frederick P. Gilmore of Gilmore Law Office, Grove Hill, for respondent.
BRYAN, Judge.
Fluor Corporation petitions this court for a writ of mandamus directing the trial court to dismiss Ledger Morrisette's workers' compensation action against Fluor. We grant the petition and issue the writ.
Morrisette, an Alabama resident, sued Fluor for workers' compensation benefits, pursuant to § 25-5-1 et seq., Ala.Code 1975. Morrisette's complaint alleged that he had been injured in an accident while *703 working for Fluor in Georgia. Fluor filed a motion to dismiss and a supporting memorandum, asserting, among other things, that the trial court lacked subject-matter jurisdiction over Morrisette's claim for benefits based on an out-of-state injury, pursuant to § 25-5-35(d), Ala.Code 1975. Fluor attached to its motion various documents relating to Morrisette's employment with Fluor, including Morrisette's application for employment with Fluor, a State of Georgia "employee's withholding allowance certificate," and a Georgia Board of Workers' Compensation "employer's first report of injury" completed by Fluor in relation to Morrisette's injury.
Morrisette filed a response to Fluor's motion to dismiss to which he attached various documents, including his affidavit. In his affidavit, Morrisette stated, in pertinent part:
"2.) In or about August of 2005, I was contacted at my home by a representative of Fluor Corporation. . . . I was willing to come to work with Fluor Corporation beginning at the Progress Energy Plant located in Arden, North Carolina. In that conversation, I agreed to accept $20.00 per hour, plus $50/day per diem for travel expenses.
". . . .
"4.) After the offer was made, I packed my bags and belongings and traveled to Arden, North Carolina to begin working.
"5.) Previously on many occasions, I had worked for Fluor Corporation as a iron worker at numerous locations.
"6.) While at the North Carolina location, Fluor Corporation decided that they needed to transfer me and my brother-in-law to another location at the Georgia Power Plant, located in Newman, Georgia.
"7.) I was transferred . . . from Arden, North Carolina to Cowetta County, Georgia on or about October 3, 2005.
"8.) While arriving in Newman, Georgia, it was recommended . . . that I stay at a hotel . . . in Newman, Georgia, where I was injured. While there, I was charged the amount of $250/week for my lodging, based upon a seven day weekly rental.
"9.) This was the first time in all my years working with Fluor Corporation that I was ever transferred to or worked at the Georgia Power Plant . . . in Newman, Georgia.
"10.) There has been no break in my employment or any change in my rate of pay with Fluor Corporation from the time I left Alabama until the time I was injured in Newman, Georgia."
Although Morrisette stated that there was no break in his employment with Fluor after leaving Alabama, Fluor attached to its motion to dismiss an application for employment signed by Morrisette on October 3, 2005, the approximate date he was transferred from the North Carolina work site to the Georgia work site. It appears that Morrisette worked for Fluor only in North Carolina and Georgia after contracting to work for Fluor in approximately August 2005.
On May 19, 2006, the trial court entered an order denying Fluor's motion to dismiss. Fluor subsequently filed with this court a petition for a writ of mandamus directing the trial court to dismiss Morrisette's action for lack of subject-matter jurisdiction, pursuant to § 25-5-35(d), Ala.Code 1975.[1]

*704 "[M]andamus is a drastic and extraordinary writ that will be issued only when there is: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court."
Ex parte Horton, 711 So.2d 979, 983 (Ala. 1998).
Fluor argues that the trial court erred by denying Fluor's motion to dismiss because, Fluor says, the trial court did not have subject-matter jurisdiction over Morrisette's workers' compensation claim pursuant to § 25-5-35(d), Ala.Code 1975. Section 25-5-35(d), Ala.Code 1975, provides:
"If an employee, while working outside of this state, suffers an injury on account of which he or, in the event of his death, his dependents, would have been entitled to the benefits provided by [Article 2] and Article 3 of this chapter [Title 25, Chapter 5, `Workers' Compensation,' Ala.Code 1975, §§ 25-5-1 through 25-5-340] had such injury occurred within this state, such employee or, in the event of his death resulting from such injury, his dependents, shall be entitled to the benefits provided by [Article 2] and Article 3 of this chapter, provided that at the time of such injury:
"(1) His employment was principally localized in this state;
"(2) He was working under a contract of hire made in this state in employment not principally localized in any state;

"(3) He was working under a contract of hire made in this state in employment principally localized in another state whose workmen's compensation law was not applicable to his employer; or
"(4) He was working under a contract of hire made in this state for employment outside the United States."
(Emphasis added.)
The trial court concluded that it had subject-matter jurisdiction over Morrisette's workers' compensation claim pursuant to § 25-5-35(d)(2), i.e., the trial court found that Morrisette's contract for hire was made in Alabama and that Morrisette's employment with Fluor was not principally localized in any state. Fluor argues that Morrisette's employment with Fluor was principally localized in Georgia and that therefore Morrisette did not satisfy the requirements under § 25-5-35(d)(2) for bringing a workers' compensation claim for an out-of-state injury. We agree.
Section 25-5-35(b), Ala.Code 1975, provides:
"For the purposes of this section, a person's employment is principally localized in this or another state when his employer has a place of business in this or such other state and he regularly works at or from such place of business, or if he is domiciled and spends a substantial part of his working time in the service of his employer in this or such other state."
*705 Pursuant to § 25-5-35(b), Fluor had "a place of business" in Georgia. In Ex parte Fluor Contractors International, 772 So.2d 1157 (Ala.2000), our supreme court concluded that the employment of an employee injured at a construction site in Tennessee was principally localized in that state pursuant to § 25-5-35(d)(2). In so doing, the supreme court implicitly found that a South Carolina company that operated the construction site in Tennessee maintained a "place of business" in Tennessee under § 25-5-35(b). The court in Ex parte Fluor Contractors International stated:
"In order to ascertain the meaning of a statute, we look to the plain meaning of the words written by the Legislature. Johnson v. Price, 743 So.2d 436, 438 (Ala.1999). The words in § 25-5-35(b), given their plain meaning, do not require that, in order for a worker's employment to be `principally localized' within a particular state, the employer's headquarters or corporate office be in that state, but merely that the employee work for that employer at a designated place within that state.

772 So.2d at 1159 (emphasis added). According to Fluor's "first report of injury," Fluor operated as a "general contractor" working on a power plant in Georgia. Therefore, Fluor had a "place of business" in Georgia, pursuant to § 25-5-35(b). Ex parte Fluor Contractors Int'l, supra.
In Sims v. Leland Roberts Construction, Inc., 671 So.2d 106 (Ala.Civ.App.1995), this court discussed whether an Alabama employee who alleged that he had been injured while working on a pipeline in Indiana "regularly worked" in Indiana pursuant to § 25-5-35(b). The employee sued his employer for workers' compensation benefits pursuant to the Alabama Workers' Compensation Act. Id. at 107. The trial court dismissed the employee's action because the trial court found that the employee's employment was principally localized in Indiana. Id. at 108. On appeal, the employee in Sims argued that his employment was not principally localized in Indiana because he had worked on the pipeline in both Ohio and Indiana. Id. The employee resided in a hotel in Indiana during the four months that he worked on the pipeline. Id. In concluding that the employee's employment at the time of his alleged injury was principally localized in Indiana, this court stated that "[d]espite the fact that [the employee] `sometimes' worked in Ohio and was available for work there and possibly other states, it is clear that [the employee's] employer had a place of business in Indiana and that [the employee] regularly worked at or from that place of business." Id. at 109.
Similarly, Morrisette regularly worked at Fluor's place of business in Georgia at the time of his alleged injury. Morrisette argues that he did not regularly work for Fluor in Georgia because he had been transferred from the North Carolina work site to the Georgia work site less than two weeks before his injury, he had not previously worked at the Georgia work site, and he had worked for Fluor at numerous other locations in the past. However, "the time of [the] injury," § 25-5-35(d), Ala.Code 1975, is the relevant time for determining where an employee regularly works for the purpose of determining where the employee's employment is principally localized. § 25-5-35(b), Ala. Code 1975. Although Morrisette had previously worked for Fluor outside of Georgia, at the time of his alleged injury, Morrisette regularly worked for Fluor in Georgia. Morrisette appears to have been working for Fluor exclusively in Georgia at the time of the alleged injury, and his affidavit stated that he had been "transferred" from the job site in North *706 Carolina to the job site in Georgia. Furthermore, Morrisette was residing in a Georgia hotel on a weekly basis when he sustained his alleged injury.
The regular nature of Morrisette's work in Georgia is also evidenced by his completion of a State of Georgia "employee's withholding allowance certificate" when he began to work for Fluor in Georgia. On the withholding-allowance certificate, Morrisette indicated that he was a resident of Alabama. Section 48-7-1(11)(A), Ga.Code Ann. (2002), defines a "taxable nonresident," in pertinent part, as "[e]very individual who is not otherwise a resident of this state for income tax purposes and who regularly and not casually or intermittently engages within this state . . . in employment . . . for financial gain or profit." (Emphasis added.)
Because Fluor operated a place of business in Georgia and Morrisette regularly worked at that place of business, Morrisette's employment was principally localized in Georgia at the time of his alleged injury. § 25-5-35(b), Ala.Code 1975. Because Morrisette's employment was principally localized in Georgia at the time of his alleged out-of-state injury, § 25-5-35(d)(2) does not grant the trial court subject-matter jurisdiction over Morrisette's workers' compensation claim.
Because Morrisette's employment was principally localized in Georgia, he could only recover pursuant to § 25-5-35(d)(3). For Morrisette to recover pursuant to § 25-5-35(d)(3), the workers' compensation law of Georgia must not be applicable to Fluor. By completing a Georgia Board of Workers' Compensation "employer's first report of injury," Fluor indicated that it was subject to Georgia's workers' compensation laws. See Ga.Code Ann. § 34-9-12(a) (2004) (stating that "[e]very employer subject to the provisions of this chapter [Title 34, Chapter 9, `Workers' Compensation,' Ga.Code Ann., §§ 34-9-1 through 34-9-421] relative to the payment of compensation shall hereafter keep a record of all injuries, fatal or otherwise, received by his employees in the course of their employment on blanks approved by the board. Within ten days after notice . . . of the occurrence of an injury to an employee requiring medical or surgical treatment or causing his absence from work for more than seven days, a report thereof shall be made in writing and mailed to the board on blanks to be procured from the board for this purpose."). We note that the "employer's first report of injury" completed by Fluor also listed Fluor's workers' compensation insurance carrier.
In arguing that the petition for a writ of mandamus should be denied, Morrisette relies heavily on Ex parte Robinson, 598 So.2d 901 (Ala.1991). The only issue addressed by the main opinion in Ex parte Robinson was whether, pursuant to § 25-5-35(d)(2), Ala.Code 1975, the employee's contract for hire was made in Alabama; the main opinion did not address where, pursuant to § 25-5-35(d)(2), the employee's employment was principally localized. Because the controlling issue in the present case is where Morrisette's employment was principally localized, Ex parte Robinson is inapplicable.
Because the trial court had no subject-matter jurisdiction to hear Morrisette's workers' compensation claim, the trial court erred by denying Fluor's motion to dismiss. Accordingly, we grant the petition for a writ of mandamus, issue the writ, and direct the trial court to enter a judgment dismissing the action.
PETITION GRANTED; WRIT ISSUED.
Thompson, J., concurs.
*707 Pittman, J., concurs specially, with writing.
Crawley, P.J., concurs in the rationale in part and concurs in the result, with writing.
Murdock, J., concurs in the result, without writing.
PITTMAN, Judge, concurring specially.
In footnote 1, the main opinion cites Ex parte Tri-State Motor Transit Co., 541 So.2d 557 (Ala.Civ.App.1989), as "implicitly" authorizing the review of the denial of Fluor's motion to dismiss in this case. One of the recognized "narrow exceptions" to the principle that mandamus will not lie from the denial of a Rule 12(b), Ala. R. Civ. P., motion to dismiss is that "[t]he question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus." Ex parte Liberty Nat'l Life Ins. Co., 888 So.2d 478, 480 (Ala.2003). A claim seeking an award of benefits under the Alabama Workers' Compensation Act, Ala. Code 1975, § 25-5-1 et seq., for an injury occurring while the employee worked outside Alabama is not within the cognizance of our trial courts unless one of the conditions specified in § 25-5-35(d) applies; indeed, Alabama courts lack subject-matter jurisdiction to entertain such a claim. Ex parte Fluor Contractors Int'l, 772 So.2d 1157, 1159-60 (Ala.2000).
Although Ex parte Tri-State predates both Ex parte Liberty National and Ex parte Fluor Contractors, its "implicit" reviewability conclusion is wholly consistent with them. I therefore concur in the main opinion.
CRAWLEY, Presiding Judge, concurring in the rationale in part and concurring in the result.
I concur in the conclusion reached by the majority that the circuit court lacks subject-matter jurisdiction over Morrisette's claim under Ala.Code 1975, § 25-5-35(d)(2). I write specially to note that Fluor argued in its motion to dismiss and again in its petition for a writ of mandamus that the circuit court lacked subject-matter jurisdiction over Morrisette's claim even under Ala.Code 1975, § 25-5-35(d)(3), because, it said, Fluor is covered by Georgia workers' compensation law. Morrisette did not dispute that fact in his response to Fluor's motion or in his response to Fluor's petition. Thus, I agree with the conclusion that the circuit court lacks subject-matter jurisdiction under § 25-5-35(d)(3). I therefore concur in the issuance of the writ.
NOTES
[1] "`Subject to certain narrow exceptions . . ., the denial of a motion to dismiss or a motion for a summary judgment is not reviewable by petition for writ of mandamus.' Ex parte Liberty Nat'l Life Ins. Co., 825 So.2d 758, 761 (Ala.2002) (citing Ex parte Jackson, 780 So.2d 681, 684 (Ala.2000))." Ex parte Alloy Wheels Int'l, Ltd., 882 So.2d 819, 822 (Ala.2003). In Ex parte Tri-State Motor Transit Co., 541 So.2d 557 (Ala.Civ.App.1989), this court implicitly established such an exception when it reviewed, by petition for the writ of mandamus, the denial of an employer's motion to dismiss grounded on an assertion that the trial court, pursuant to § 25-5-35, Ala.Code 1975, lacked subject-matter jurisdiction to hear the case.