In footnote 1, the main opinion cites Ex parte Tri-StateMotor Transit Co., 541 So.2d 557 (Ala.Civ.App. 1989), as "implicitly" authorizing the review of the denial of Fluor's motion to dismiss in this case. One of the recognized "narrow exceptions" to the principle that mandamus will not lie from the denial of a Rule 12(b), Ala. R. Civ. P., motion to dismiss is that "[t]he question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus." Ex parte Liberty Nat'lLife Ins. Co., 888 So.2d 478, 480 (Ala. 2003). A claim seeking an award of benefits under the Alabama Workers' Compensation Act, Ala. Code 1975, § 25-5-1 et seq., for an injury occurring while the employee worked outside Alabama is not within the cognizance of our trial courts unless one of the conditions specified in § 25-5-35(d) applies; indeed, Alabama courts lack subject-matter jurisdiction to entertain such a claim. Ex parte Fluor Contractors Int'l,772 So.2d 1157, 1159-60 (Ala. 2000).
Although Ex parte Tri-State predates both Ex parteLiberty National and Ex parte Fluor Contractors, its "implicit" reviewability conclusion is wholly consistent with them. I therefore concur in the main opinion.