THOMPSON, Presiding Judge.
Hand Construction, LLC (“Hand”), appeals from a judgment entered by the Mobile Circuit Court (“the trial court”) finding that injuries Mitchell D. Stringer sustained in a motor-vehicle accident in Arkansas are compensable under the Alabama Workers’ Compensation Act (“the Act”), § 25-5-1 et seq., Ala. Code 1975. The trial court awarded Stringer medical benefits and temporary-total-disability benefits accordingly.
*537 The dispositive issue Hand raises on appeal is whether the trial court had subject-matter jurisdiction over this action. The record contains the following evidence relevant to that issue. Stringer lives in Mobile. Hand is a construction contractor whose principal place of business is Shreveport, Louisiana. Hand is licensed to do business in a number of states in the midwestern and southeastern United States, including Alabama. Stringer presented evidence demonstrating that Hand is registered with the Alabama Secretary of State’s office as a foreign entity able to do business in Alabama. Adam Hubble, the chief financial officer for Hand, testified by affidavit that Hand does not maintain an office in Alabama, that Hand has not done business in Alabama in at least ten years, and that Hand has no employees working in Alabama. Stringer acknowledged that Hand did not have any projects in Alabama while he worked for the company.
Stringer testified that, in September or October 2014, Hand’s general superintendent, Allen Bayless, called Stringer in Mobile and asked him whether he would like to work for Hand. Stringer said that he had worked with Bayless in the past. At the time Bayless called Stringer, Bayless was working at the construction site of an apartment complex in Oxford, Mississippi, Stringer said. Stringer testified that, during that telephone conversation, Bayless offered him a job and that he accepted. It appears that Stringer subsequently traveled to Oxford, because he testified that Hand flew him from Oxford to Shreveport to complete his employment application and to submit to a drug test. Stringer also met other Hand executives at that time. However, Stringer said, he “felt like [he] had the job when [he] talked to [Bayless] when he called and offered it to me.”
According to the affidavits of Bayless, Hubble, and the project manager for whom Stringer worked, Peyton Dodd, Hand hired Stringer in Shreveport on October 9, 2014. Stringer testified that he first worked for Hand at a construction site in Louisiana. Then, in April 2015, Stringer was sent to supervise site preparation for the construction of an apartment complex (“the project”) in Williston, North Dakota.
Stringer testified that from April 2015 to' October 2015 he would work for ten days in North Dakota then return to his home in Mobile for four or five days. When he was in Mobile, he said, he did work for Hand from his house using the laptop computer Hand had issued to him. For example, he said, he would talk by telephone to or respond to e-mail from suppliers and subcontractors connected to the project. In addition, Stringer said, while he was in Alabama, he took a first-aid course that Hand required. Hand paid, for the course, he said.
In his affidavit, Dodd, the project manager, testified that Stringer did not spend any of his time working in the service of Hand while he was ih Alabama. “[A]ny time spent in Alabama was during [Stringer’s] time off,” Dodd said. In his affidavit, Hubble corroborated Dodd’s testimony, saying that Stringer never performed work for Hand in Alabama.
The evidence was undisputed that Hand paid for Stringer’s housing while he was in North Dakota. The evidence was also undisputed that, during the time Stringer was employed on the project, he had money withheld for state income taxes in North Dakota but did not have money withheld for Alabama state income taxes.'
Stringer testified that on October 6, 2015, he met with John Provost, a manager of Hand, in Shreveport at Provost’s request. At that time, Provost notified Stringer that the job in North Dakota was finished and that Hand did not have suffi *538 cient work to retain him. Stringer said that Provost told him that Hand realized he had a pickup truck and some personal items in North Dakota and that Provost wanted Stringer to return to North Dakota to retrieve his personal belongings as well as Hand’s equipment. Stringer said that Hand would save a lot of money if he brought the equipment back with him in his truck. Stringer said that, once he arrived in Mobile, he was to ship the items from Mobile to Shreveport.
The “notice of 'termination/separation” form included in the record indicates that Stringer’s “date of separation” was October 5, 2015. The notice also states: “Will pay through current + 1-week severance.” Stringer’s signature does not appear on the notice, and he said he was not aware of his layoff until October 6, when he met with Provost. Stringer testified that he worked with Hand until October 10, 2015, when the accident occurred.
Hand paid for Stringer to fly from Mobile to North Dakota on October 8, 2015, to collect certain equipment that belonged to Hand and that Stringer had used while he was-working on the project. Stringer said that he packed the equipment and his personal belongings in his pickup truck and set out on his return trip to Mobile. Stringer testified that on October 10, 2016, as he was en route to Mobile, he was involved in a motor-vehicle accident in Arkansas. Stringer suffered multiple injuries in the accident. Hand has not challenged that, at the time of the accident, Stringer was an employee of Hand. The record includes the “Workers Compensation— First Report of Injury or Illness” form that Hubble completed. That form indicates that Hand was notified of Stringer’s accident and injuries on October 12, 2015.
The form also indicates that Louisiana has jurisdiction over the claim.
On May 4, 2016, the trial court entered a judgment in which it concluded that it had jurisdiction over this matter pursuant to § 25-5-35(d)(2), Ala. Code 1975. Specifically, the trial court found that, at the time the accident occurred, Stringer was “working under a contract of hire made in this state in employment not principally localized in any state.” The trial court went on to find that, at-the time-of the accident, Stringer’s employment with Hand for the work done in North Dakota had been terminated and that Stringer and Hand had entered into a “subsequent contract for hire when Hand requested [Stringer] to return to North Dakota to retrieve some of its equipment that was there.”[1] As noted earlier, the trial court awarded Stringer medical benefits and temporary-total-disability benefits under the Act. Hand timely appealed from the trial court’s judgment.
“Our standard of review in workers’ compensation cases was prescribed by the Legislature in Ala. Code 1975, § 25-5-81(e)(2). We recently set. forth that standard, as well as the other applicable presumptions:
. “ ‘When this court reviews a trial court’s factual findings in a workers’ compensation case, those findings will not be reversed if they are supported by substantial evidence. § 25-5-81(e)(2), Ala. Code 1975. Substantial evidence is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). Further, this court reviews the facts “in the light most favorable to the *539 findings of the trial court.” Whitsett v. BAMSI, Inc., 652 So.2d 287, 290 (Ala. Civ. App. 1994), overruled on other grounds, Ex parte Trinity Indus., Inc., 680 So.2d 262 (Ala. 1996). This court has also concluded: “The [1992 Workers’ Compensation] Act did not alter the rule that this court does not weigh the evidence before the trial court.” Edwards v. Jesse Stutts, Inc., 655 So.2d 1012, 1014 (Ala. Civ. App. 1995). However, our review as to purely legal issues is without a presumption of correctness. See Holy Family Catholic School v. Boley, 847 So.2d 371, 374 (Ala. Civ. App. 2002) (citing § 25-5-81(e)(1), Ala. Code 1975).’ ’
“Reeves Rubber, Inc. v. Wallace, 912 So.2d 274, 279 (Ala. Civ. App. 2005).”
Overnite Transp. Co. v. McDuffie, 933 So.2d 1092, 1095-96 (Ala. Civ. App. 2005).
Section 25-5-35(d)(2), the statute pursuant to which the trial court found that the Act applies in this case, allows an employee to recover workers’ compensation benefits under the Act for injuries he or' she sustained while working outside the Staté of Alabama when he or she “was working under a contract of hire made in this state in employment not principally localized in any state.” That statute “establishes a two-pronged test for determining whether an out-of-state injury is compensable under Alabama law. First, the contract of employment must have been made in Alabama. Second, the. worker’s employment must not have been principally localized in any one. .state.” Sims v. Leland Roberts Constr., Inc., 671 So.2d 106, 108 (Ala. Civ. App. 1995).
Section 25-5-35(b), Ala. Code 1975, provides:
“[A] person’s employment is principally localized in this or another state -when his employer has a place of business in this or such other state and he regularly works at or from such place of business, or if he is domiciled and- spends a -substantial part of his working time in the service of his -employer in this or such other state.” ’
In Ex parte Fluor Contractors International, 772 So.2d 1157, 1159 (Ala. 2000), our supreme court stated: .
“The words in § 25-5-35(b), given their plain meaning, do -not require that, in order for a worker’s employment to be ‘principally localized’.within a particular state, the employer’s headquarters or corporate office be in that state, but merely that the employee work for that employer at a designated place within that state.”
This court considered the issue of whether a person’s employment was “principally localized” in a certain state in Sims, supra. In that case,
“this court discussed whether-’ an Alabama employee who alleged that he had been injured while working on a pipeline in Indiana ‘regularly worked’ in Indiana pursuant to § 25-5-35(b). The employee sued his employer for workers’ compensation benefits pursuant to the Alabama Workers’ Compensation Act. [Sims, 671 So.2d] at 107. The trial court dismissed the employee’s action because the trial court found that the employee’s employment was principally -localized in Indiana. Id. at 108. On appeal, the employee in Sims argued that his employ:ment was not principally localized in Indiana because he had worked on the pipeline in both Ohio and Indiana. Id. The employee resided in a hotel in Indiana during the four months that he worked on the pipeline. Id. In concluding that the employee’s employment at the time of his alleged injury was principally localized in Indiana, this court-stated that ‘[d]espite the fact that [the employee] “sometimes” worked in Ohio and *540 was available for work there and possibly other states, it is clear that [the employee’s] employer had a place of business in Indiana and that [the employee] regularly worked at or from that place of business.’ Id. at 109.”
Ex parte Fluor Corp., 960 So.2d 701, 705 (Ala. Civ. App. 2006). See also Associated Gen. Contractors Workers Comp. Self Ins. Fund v. Williams, 982 So.2d 557, 560 (Ala. Civ. App. 2007).
Similarly, in this case, the evidence demonstrates that Stringer was working for Hand supervising site preparation for the project in North Dakota. For approximately six months, he would work ten days in North Dakota and then return to Mobile for four or five days. Although he might have taken telephone calls, responded to emails, and done other tasks while he was in Mobile, such work was incidental to his job as the supervisor of site preparation for the project. Dodd, the project manager, testified in his affidavit that, as the site-preparation supervisor on the project, Stringer’s “physical presence” at the project site was necessary for the “site work” to be done. While in North Dakota, Stringer lived in housing provided by Hand. Stringer’s state income taxes were withheld in North Dakota, and he was listed as a Hand employee in North Dakota for that state’s workers’ compensation purposes. There is no doubt that Stringer “regularly worked” and spent a “substantial part” of his working time at the project site in North Dakota. The fact that Stringer was returning equipment for Hand from the project site when his work in North Dakota was completed does not alter that determination. Thus, we conclude that substantial evidence does not support the trial court’s finding that, at the time of the accident, Stringer’s employment “was not principally localized in any state.” Accordingly, the trial court erred in finding that Stringer was entitled to recover benefits pursuant to § 25-5-35(d)(2). See Ex parte Fluor Corp., supra.
As to the trial court’s finding that Stringer had entered into a second contract for hire and was working for Hand pursuant to that contract at the time the accident occurred, there is no evidence to support a finding that, to the extent such a contract might arguably have existed, it was formed in Alabama. Section 25-5-35(d)(3) provides that the Act applies to a person who suffers a work-related injury while working outside Alabama if, at the time of his or her injury, he or she “was working under a contract of hire made in this state in employment principally localized in another state whose workers’ compensation law was not applicable to his employer.” Assuming for purposes of this opinion only that Hand had entered into a second employment contract with Stringer to travel to North Dakota to retrieve equipment, the evidence shows that Stringer and Provost were in Shreveport at the time Provost instructed Stringer to make that trip. To the extent that their conversation constituted the formation of a second employment contract between Stringer and Hand, there is no evidence to suggest that that contract was formed anywhere other than in Louisiana. Thus, substantial evidence also does not support the trial court’s determination that Stringer was entitled to recover benefits pursuant to a second contract for hire because any such contract was not formed in Alabama. § 25—5—35(d).
Finally, in our review of the record we found no evidence that would indicate that no other state, particularly North Dakota or Louisiana, would have jurisdiction over Stringer’s workers’ compensation *541 claim for benefits in connection with the injuries he received in the motor-vehicle accident, as § 25-5-35(d)(3) requires.[2] In his brief on appeal, without citing any authority, Stringer contends that Hand bore the burden of proving that the workers’ compensation law of no other state was applicable in his case. He cites no authority for that proposition, however. In fact, Alabama law is contrary to Stringer’s contention. In Ex parte Dalton Logistics, 167 So.3d 337, 339-40 (Ala. Civ. App. 2014), this court held that an employee seeking benefits must demonstrate that another state’s workers’ compensation laws do not apply to the employer so as to support a conclusion that an Alabama court has jurisdiction under the Act to hear the employee’s workers’ compensation claim. See § 25-5-35(d). Accordingly, Stringer—not Hand—bears the burden of proving that the Act is applicable in this case. The record indicates that he failed to meet that burden.
The trial court’s determination that it had jurisdiction to consider Stringer’s workers’ compensation claim was based on findings not supported by the evidence. Accordingly, we conclude that the trial court erred in finding that it had subject-matter jurisdiction over Stringer’s workers’ compensation claims. The judgment is therefore reversed, and the cause is remanded to the trial court for the entry of a judgment dismissing Stringer’s workers’ compensation action. Rule 12(b)(1), Ala. R. Civ. P.; Sims, supra.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Pittman, Thomas, and Donaldson, JJ., concur.
Moore, J., recuses himself.

, We note that neither parly had presented such a theory to the trial court and that neither party makes an argument in support of that theory on appeal,

. In his brief to this court, Stringer states that there is no evidence that Hand purchased "extra territorial coverage” for its workers’ compensation coverage for the North Dakota. Whether Hand had the proper insurance coverage would be an issue to be determined by the court with subject-matter jurisdiction. The issue of insurance coverage itself does not determine whether the laws of the State of North Dakota are applicable in this case. See, e.g., Ex parte Dalton Logistics, 167 So.3d 337, 340-41 (Ala. Civ. App. 2014).